Jones, J.
 

 This appeal calls for an interpretation of exclusionary clauses in products liability insurance policies.
 

 Gioia sold enriched macaroni and egg noodles, manufactured by it, to Lipton for inclusion by Lipton in its soups which in turn are sold in a Nation-wide market. When it was discovered that some of the macaroni and noodles were contaminated Lipton took immediate steps to withdraw its six affected soups from the market for destruction and to recall all its stocks of macaroni and noodles. It followed the standard practices of food manufacturers and pharmaceutical houses when a product is discovered to have a potential danger to ultimate consumers. In so doing it incurred substantial expense.
 

 
 *359
 
 Lipton then brought an action against Gioia to recover damages in six categories: property damage to certain Lipton soup products in which Gioia’s macaroni products had been used; property damage to Gioia’s macaroni products not yet incorporated in any of Lipton’s soup mixes; the value of employees’ and agents’ time in withdrawal, recall and destruction of contaminated products; costs incurred in notification of the trade and general public; loss of good will; and loss of profits. Gioia called on Liberty Mutual, its insurer, to undertake the defense of Lipton’s action. Liberty Mutual then disclaimed all responsibility to defend or to indemnify, based on exclusions in its insurance policies.
 

 During the pendency of the action for damages, Lipton instituted the present action against Gioia and Liberty Mutual for a declaratory judgment construing the insurance policies.
 

 Two policies are involved, both written by Liberty Mutual — a so-called special multi-peril policy and an umbrella excess liability policy. The critical exclusion in the multi-peril policy is worded as follows:
 
 “
 
 This insurance does not apply
 
 * * *
 
 to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the named insured’s products or work completed by or for the named insured or of any property of which such products or work forms a part if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein ”. The corresponding exclusion in the umbrella policy is worded differently: ‘ ‘ This policy does not apply * * * with respect to * * * work performed by or on behalf of the named insured or the Insured’s Products * * * [or] to that portion of any damages for which claim is made or suit is brought and which represents the cost (including loss of use) of inspecting, repairing, replacing, modifying or withdrawing any property from the market or use in the interest of preventing accidents which may result from any known or suspected deféct therein or in the interest of improving its quality or performance ”. Although there are slight verbal distinctions betweeti the two clauses, we find no significant difference and Liberty Mutual makes no contention to the contrary.
 

 The issue contested is whether these clauses relate to withdrawal and recall of defective products by the named insured
 
 *360
 
 only (here Gioia) or whether they extend as well to withdrawal and recall by the claimant (here Lipton). Lipton and Gioia contend that the policies must be construed to exclude coverage only as to claims made against the named insured for damages incident to withdrawal and recall of the contaminated product by the named insured, i.e., by Gioia. No claim, of course, is made here by Lipton for any such damage. Liberty Mutual, on the other hand, contends that the policies must be interpreted more broadly, to exclude coverage as to claims made against the named insured for damages incident to withdrawal and recall
 
 by the claimant
 
 of the defective product (or any property of which the defective product forms a part), i.e., here withdrawal and recall
 
 by Lipton
 
 of Lipton products into which Gioia’s defective macaroni and noodles had been incorporated. We conclude that the exclusion in each policy extends only to claims in the first category, i.e., those arising from withdrawal and recall by the named insured,
 
 Gioia.
 
 Accordingly, all elements of damage asserted here by Lipton against Gioia fall within Liberty Mutual’s indemnity obligations under these two insurance policies.
 

 Liberty Mutual bases its position on the argument that an exclusionary clause must be interpreted in the light of the general coverage under the policies. Thus, here, Liberty Mutual says that since the policies are indemnity policies they would never have covered Gioia’s own expenses for withdrawing its own product (an obligation Gioia assumes under the so-called “ sistership ” clause),
 
 *
 
 and that to construe the exclusionary clause to exclude coverage never extended is illogical. The riposte to this assertion, valid so far as the assertion goes, is that the exclusionary clause here does not relate to “ expenses ” of withdrawal by the named insured of its product or property into which its product has been incorporated. Were that so then Liberty Mutual’s argument would be impressive. As worded, however, this clause excludes coverage for “ damages claimed ” for withdrawal. Thus, in the present factual setting had Gioia
 
 *361
 
 withdrawn its own macaroni and noodles, Liberty Mutual would not have been obligated to indemnify Gioia for any third-party claims made by Lipton against Gioia for damages sustained by Lipton in consequence of such withdrawal by Gioia — an indemnity coverage to which Gioia would have been entitled were it not for the exclusionary clauses.
 

 It is persuasive that the obvious intent of Gioia and Liberty Mutual when the multi-peril and umbrella policies were written was to afford Gioia substantial economic protection from exposure to claims of third parties against Gioia in consequence of defects in Gioia’s products. To say that the categories of damage claimed here by Lipton do not fall within such coverage would appear to exclude what, as a practical matter, would usually be some of the largest foreseeable elements of such damage. Such an interpretation, in the absence of claims for damages resulting from consumer injury, would render the coverage nearly illusory.
 

 It is fundamental that ambiguities in an insurance policy must be construed against the insurer
 
 (Greaves
 
 v.
 
 Public Serv. Mut. Ins. Co.,
 
 5 N Y 2d 120, 125; see 29 N. Y. Jur., Insurance, §§ 617, 619, pp. 607, 609). This is particularly so as to ambiguities found in an exclusionary clause
 
 (Sincoff
 
 v.
 
 Liberty Mut. Fire Ins. Co.,
 
 11 N Y 2d 386, 390-391; see 29 N. Y. Jur., Insurance, § 623, p. 615). We cannot think that, given the economic and factual setting in which these policies were written, an ordinary business man in applying for insurance and reading the language of these policies when submitted, would not have thought himself covered against precisely the damage claims now asserted by Lipton. (Cf. 29 N. Y. Jur., Insurance, § 608, p. 597.)
 

 We note that the Federal courts in the Third Circuit have similarly construed what appear to be substantially identical exclusionary clauses
 
 (Arcos Corp.
 
 v.
 
 American Mut. Liab. Ins. Co.,
 
 350 F. Supp. 380, affd. 485 F. 2d 678).
 

 The judgments of Supreme Court which were affirmed at the Appellate Division excepted “ that portion of [Lipton’s] damage which represents the cost of inspection or withdrawal of the alleged contaminated products ”. We see no basis for such exception. Accordingly the orders of the Appellate Division should be modified to declare that all claims for damage asserted
 
 *362
 
 by Lipton against Gioia in the damages action fall within the coverage of both the multi-peril and the umbrella policies; as so modified, the orders should be affirmed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Rabin and Stevens concur.
 

 Orders modified, with costs to plaintiff and to defendant Alfonso Gioia
 
 &
 
 Sons, Inc., in accordance with opinion herein and, as so modified, affirmed.
 

 *
 

 The so-called “ sistership ” exclusion makes it a condition of the insurer’s liability that the insured "shall promptly take at his expense all reasonable steps to prevent other bodily injury or property damage from arising out of the same or similar conditions, but such expense shall not be recoverable under this policy”.