(No. 46367.—

PETER WEISS *et al.*, Appellants, v. BITUMINOUS CAS-
UALTY CORPORATION, Appellee.

*Opinion filed November 18, 1974.*

Hoffman & Davis, of Chicago (Sol A. Hoffman and Alvin L. Kruse, of counsel), for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Leonel I. Hatch, Jr., and D. Kendall Griffith, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Plaintiffs, Peter Weiss and Raymond Lenobel, a partnership d/b/a Shamrock Scrap Iron & Metal Company, filed an action for a declaratory judgment in the circuit court of Cook County against defendant, Bituminous Casualty Corporation, to determine the latter's obligation under the terms of a liability insurance policy to defend a personal injury action brought against plaintiffs by Norman Zblewski. A summary judgment was entered for plaintiffs, and the appellate court reversed, holding that the circuit court erred in finding that the terms of the insurance policy required defendant to undertake plaintiffs' defense in the Zblewski action. (*Weiss v. Bituminous Casualty Corp.*, 14 Ill. App. 3d 637.) We granted leave to appeal. The issue presented concerns the correctness of the appellate court's interpretation of the terms of the insurance policy.

Insofar as this appeal is concerned, the facts are undisputed. Some time prior to March 7, 1969, a trailer owned and operated by C. W. Transport, Inc., a common carrier, was left at plaintiffs' place of business. Plaintiffs loaded the trailer with scrap magnesium in bulk in the form of borings, clippings and shavings. The load of magnesium was consigned for delivery to Ohio. The trailer was picked up by a driver from C. W. Transport and delivered to its local terminal. On March 7, 1969, Norman Zblewski, an employee of the carrier, picked up the trailer

from the terminal and while on a Chicago expressway, enroute to Ohio, the magnesium exploded and burned, seriously injuring him.

Zblewski's complaint alleged in pertinent part:

> "That prior to and at the time of the occurrence complained of *** Weiss and *** Lenobel *** were guilty of one or more of the following negligent acts or omissions:
> (a) Loaded the trailer truck in such a manner that injury to plaintiff proximately resulted;
> (b) Loaded magnesium shavings, clippings, and borings in the trailer in bulk;
> (c) Loaded magnesium shavings, clippings, and borings in the trailer in a manner other than in sealed containers;
> (d) Failed to provide for water tight or moisture proof loading of the magnesium borings, clippings, and shavings;
> (e) Failed to warn plaintiff of the manner in which the magnesium borings, clippings, and shavings were loaded.
>
> That as a proximate result of one or more of the aforesaid negligent acts or omissions of *** Weiss and *** Lenobel *** Normal Zblewski became and was bodily injured ***."

Zblewski's complaint did not allege whether the contract for shipment with the carrier was made by plaintiffs or by the buyer in Ohio. It also did not allege whether the contract for the sale of the magnesium called for delivery at the buyer's place of business or at the plaintiffs' place of business.

Plaintiffs were insured under defendant's "Manufacturers' and Contractors' Liability Insurance Policy." The pertinent provisions of that policy stated:

> "DECLARATIONS.
> * * *
>
> Item 3. The insurance afforded is only with respect to such of the following coverage parts as are indicated herein by specific premium charge or charges ***. [There then follows a table listing various coverage parts with space opposite each coverage part for the insertion of a

premium amount. The only coverage part having a premium amount inserted opposite it is Manufacturers' and Contractors' Liability Insurance.]

\* \* \*

MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE COVERAGE FOR PREMISES AND FOR THE NAMED INSURED'S OPERATIONS IN PROGRESS.

\* \* \*

I. COVERAGE A — BODILY INJURY LIABILITY.
COVERAGE B — PROPERTY DAMAGE LIABILITY.

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

A. bodily injury or

B. property damage

to which this insurance applies, caused by an occurrence, *and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage* [emphasis added] \*\*\*.

This insurance does not apply:

\* \* \*

(m) to bodily injury or property damage included within the completed operations hazard or the products hazard."

The first page of the policy contains the following:

"DEFINITIONS

When used in this policy (including endorsements forming a part hereof):

\* \* \*

'completed operations hazard' includes bodily injury and property damage arising out of operations \*\*\* but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. 'Operations' include materials, parts of equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1) when all operations to be performed by or on behalf of the named insured under the contract have been completed,

(2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or

(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

\* \* \*

The completed operations hazard does not include bodily injury or property damage arising out of

(a) operations in connection with the transportation of property, unless the bodily injury or property damage arises out of the condition in or on a vehicle created by the loading or unloading thereof."

Following the commencement of Zblewski's action, defendant refused to undertake plaintiffs' defense on the basis that Zblewski's complaint did not allege an occurrence or facts which came within the coverage of the insurance policy. Plaintiffs then filed this declaratory judgment action.

Plaintiffs cite *McFadyen v. North River Insurance Co.*, 62 Ill. App. 2d 164, which held that an insurer is obligated to defend an action against its insured if the complaint filed against the insured alleged facts which are within, or potentially within, the coverage of the policy. Defendant accepts this as a correct statement of the law. Both parties are in agreement that the determination of the issue on appeal will rest solely on whether the Zblewski complaint stated a claim within, or potentially within, the policy's coverage. Neither contends that there are any facts in addition to those alleged in the complaint which are necessary for a determination of this issue. Moreover, both parties agree that the insurance policy was not limited only to those injuries which occurred on the premises owned or rented by the plaintiffs.

Plaintiffs maintain that Zblewski's complaint alleged facts which were potentially within the coverage of the

policy. Defendant argues that the facts alleged show that the "completed operations hazard" exclusion of the policy applied, thereby negating coverage. Plaintiffs deny the applicability of the exclusion clause, but assert that even if it did apply, the exception to the exclusion would have brought the facts within the policy's coverage so as to require defendant to undertake plaintiffs' defense.

The policy provided in its completed-operations exclusion that bodily injuries which arose out of operations that had been completed and occurred away from the premises owned by the insured were not covered. The policy then stated three time periods the earliest at which operations were deemed to be completed. Plaintiffs argue that since Zblewski's complaint was silent as to whether their contract with the buyer called for delivery of the magnesium to Ohio, the potential was present that the contract called for the plaintiffs to make delivery. Accordingly, they argue that since the accident occurred before delivery, their operations would not have been completed under the first of the time periods. Moreover, they maintain that the "site of operations" would not have been limited to their place of business but would have included the route to Ohio and the buyer's place of business, so that operations would not have been completed under the second time period. Operations would not have been completed under the third time period, they maintain, because the magnesium was in the possession of a subcontractor, the carrier, who was performing an operation for the principal as part of the same project.

We are unable, however, to accept plaintiffs' contention that, even assuming they were to make delivery to the buyer, the "site of operations" would have included the route to Ohio and the buyer's place of delivery. While it is unnecessary for this appeal to precisely define the term, we find plaintiffs' construction to be an unreasonable extension of its meaning. In the absence of ambiguity, words in an insurance policy are to be given their plain,

ordinary and popular meaning. (*Cobbins v. General Accident Fire & Life Assurance Corp.*, 53 Ill.2d 285, 294.) It is difficult, therefore, to conclude that the term "site of operations" included not only the insured's place of business, but also the entire route to a distant destination and the destination itself. Additionally, an insurance contract is to be interpreted from an examination of the complete document and not an isolated part. (*Martindell v. Lake Shore National Bank*, 15 Ill.2d 272, 283.) The insurance policy in the present case described plaintiffs' business as refuse collecting and described the potential hazards as "garbage, ashes, or refuse collecting" with no mention of interstate delivery or the hazards attendant to such a business. Under this business description, the substantial liability limits of the policy, and the $77 policy premium, it is implausible to assume that defendant accepted possible liability contingent on unspecified deliveries to unspecified destinations in interstate commerce. While the term "site of operations" may not be limited solely to the plaintiffs' place of business, we believe the reasonable interpretation, under the facts alleged, to mean the place of loading the truck. Consequently, at the time of the explosion and fire all operations had been completed by the plaintiffs under the second time period. Since the policy provided that operations are completed at the earliest of any of the time periods, it is unnecessary to consider whether operations were completed under the first or the third time periods as set forth in the policy.

The exception to the exclusion provided that the completed operations hazard did not preclude coverage when bodily injury would arise out of "operations in connection with the transportation of property, unless the bodily injury *** arises out of a condition in or on a vehicle created by the loading or unloading thereof." Zblewski's complaint alleged five negligent acts or omissions by plaintiffs. The first four allegations alleged negligence in loading the truck, and the fifth alleged

negligence in failing to warn Zblewski of the manner in which the magnesium was loaded. Plaintiffs, in effect, concede that under the first four allegations the exception to the exclusion would not have applied since the loading created a condition out of which the injuries arose. In their brief plaintiffs described Zblewski's allegations as negligence in loading, and primarily negligence in failing to warn. It is apparent from a reading of these four allegations that the negligence alleged was that which created a condition to which the exception would not have applied.

Plaintiffs argue that based on the fifth allegation the potential was present that the injury did not arise out of a condition on the vehicle created by the loading thereof, but rather from a failure by them to warn the driver of the contents of the trailer. They assert that the alleged facts, when proved, could show that the trailer was loaded with due care and in a proper manner with no dangerous condition existing when the loading was completed; that their only negligence was in failing to warn the driver of the contents of the trailer so that he could take appropriate steps in handling; and that the condition of the vehicle which caused the injury arose after loading.

Plaintiffs' argument, however, is obviated by two significant considerations. The fifth allegation in Zblewski's complaint was not centered on simply the failure to warn of the contents, but rather it was directed to the failure to warn of the *manner* in which the magnesium was loaded. The allegation referred back to the first four allegations of that complaint and alleged negligence in failing to warn Zblewski that the magnesium was loaded in bulk, other than in sealed containers, and without providing for watertight or moisture-proof loading. The second consideration pertains to the condition referred to in the exception, "*** unless the bodily injury *** arises out of a condition in or on a vehicle created by the loading or unloading thereof." This did not necessarily refer to a

negligent or dangerous condition, but simply a condition on the vehicle created by the loading from which injuries arose. Considering these points, we are unable to perceive how the failure to warn did not refer to a condition on the vehicle. After reviewing the policy, we conclude that the facts alleged on the face of Zblewski's complaint affirmatively showed that no coverage existed under the terms of the policy.

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*