CORDIN MOTOR FREIGHT, INC., Plaintiff-Appellant, *v.* ALLSTATE INSURANCE COMPANY, Defendant-Appellee.

First District (4th Division)   Nos. 76-787, 76-924 cons.

Opinion filed March 23, 1978.

Rabens, Formusa & Glassman, of Chicago, for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a summary judgment in favor of defendant Allstate Insurance Company (hereinafter called "Allstate"). Cordin Motor Freight, Inc. (hereinafter called "Cordin") sued Allstate to recover under an Allstate comprehensive transportation liability insurance policy for loss and damage, resulting from the theft of steel cargoes transported by Cordin, as a common carrier.

At the times of the various occurrences involved, the cargoes were loaded on motor vehicle equipment which had been leased to Cordin. On each occasion the equipment was being driven by the lessor of the equipment who was a principal involved in the theft.

The policies excluded from coverage losses attributable to the infidelity or dishonest act of any employee of the insured or of any owner-operator hired by the insured.

The defendant moved for summary judgment on the ground the truck owner and operator was an "owner-operator hired by the insured."

The motion of plaintiff, Cordin, for summary judgment as to liability was denied. The court found the truck operator was an "owner-operator" hired by the insured, allowed the motion of the defendant for summary judgment and dismissed the action.

This appeal is from that judgment, and the two separately numbered appeals were consolidated.

The issues presented for review are whether one who was the lessor of a motor vehicle which was leased to an insured, Cordin, and who personally operated the vehicle in the cartage of steel for the insured, was or was not, with regard to the theft insurance policy exclusion provision, an owner-operator hired by the insured and whether Allstate is liable under its policy because of the participation in the theft by a co-conspirator who had no relation to the insured.

The policies of truckmen's and motor carrier's liability insurance issued by Allstate to Cordin provide coverage for legal liability incurred by the insured for loss of cargo. The insurance agreements provide:

> "Allstate agrees * * * to pay on behalf of the insured all sums which the insured, as a carrier by vehicles shall become legally obligated to pay because of loss or damage to lawful goods and merchandise under bills of lading or shipping receipts issued by it, while such goods and merchandise are in the custody of the insured, or in the custody of connecting carriers, in due course of transit within the continental limits of the United States or Canada."

The insuring agreement in each policy is immediately followed by a section prefaced with the heading: "EXCLUSIONS" which provide in pertinent part:

> "This policy does not insure the liability of the insured for * * * loss or damage occasioned by or resulting from the infidelity or dishonest acts of the insured or of the insured's employees or of any owner-operator hired by the insured* * *."

Dennis Danca owned certain vehicles which were leased to Cordin by lease agreements. These vehicles were used by Danca when making pickups and deliveries for Cordin, and the loads of steel were transported by Danca on that equipment.

There were 13 instances over the course of 10 months in which Danca stole cargo which was in the plaintiff's custody. As a consequence thereof, the plaintiff sustained liability for that cargo to the various consignees, the owners of the cargo.

Danca admitted the theft. Indeed, he had been indicted and had pleaded guilty to charges of the theft and embezzlement.

Danca testified to the thefts which occurred while he was carrying cargo for Cordin, as well as to his disposition of the stolen cargo by the sale thereof to Max Ira Epstein.

Explaining the service he rendered (both the lease and operation of the vehicles) was for the benefit of Cordin, Danca testified:

> "Q. You're talking about pay for the rental of the truck?
>
> A. No, not for the pay for the rental.

Q. What for?

A. Why for the pay for the rental of the truck and deliveries."

After reviewing the depositions, affidavits and memoranda of the parties the trial court found Danca was an "owner-operator hired by the insured." Judgment was summarily entered accordingly, and the action was dismissed. From this determination this appeal has been taken.

The plaintiff claims Danca was not shown to be an "owner-operator hired by the insured" and, therefore, summary judgment in favor of the defendant should not have been granted.

Mr. Danca specifically testified he owned the vehicles which he leased to Cordin and, in fact, he drove the vehicles himself. These facts clearly establish Danca as an owner-operator, as contemplated by the insurance policy exclusion. As to whether Danca was "hired by the insured," the question becomes whether the relationship of lessor and lessee between Danca and Cordin amounts to the hiring of Danca.

In interpreting insurance contracts, terms are to be afforded their ordinary and popular meaning. (*Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165, 319 N.E.2d 491.) As to the term "hiring" we hold the insurance contract exclusion encompasses those such as Danca, who are lessors and drivers of vehicles used for the transportation of the insured's goods.

The plaintiff also claims, since the loss to Cordin was attributable not only to theft by Danca but also to the sale of the steel to co-conspirator Max Ira Epstein, liability is established regardless of the policy exclusion. Plaintiff maintains the loss stemmed from theft by Danca as well as by the action of Epstein can be looked at as two concurrent contributing causes, and argues an exclusion of coverage with regard to one of the concurrent causes does not prevent coverage based on the other concurrent cause.

Plaintiff's argument is without merit. That the loss resulted from or was occasioned by Danca's acts is all that is required for the exclusion to apply. The contract does not suggest the role of the "inside man" be the sole cause. Coverage is plainly excepted for loss "occasioned by or resulting from the infidelity or dishonest acts" of Danca.

Where the exclusion is clear and unambiguous, as is here, coverage will not be afforded where the circumstances fall within the exclusion. It is the duty of the court in such circumstances to apply the policy as written, as the court below did.

For the foregoing reasons the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.