ALLSTATE INSURANCE COMPANY, Respondent, v KLOCK OIL COMPANY, Also Known as CLOCK OIL COMPANY, Appellant, et al., Defendants.

Fourth Department, April 8, 1980

**APPEARANCES OF COUNSEL**

*Brennan, Centner, Palermo & Blauvelt (John Clapper, III,* of counsel), for appellant.

*Sullivan, Gough, Skipworth, Summers & Smith (William V. Gough* of counsel), for respondent.

**OPINION OF THE COURT**

CALLAHAN, J.

Defendant, Klock Oil Co. (Klock), appeals from a judgment of the Supreme Court, Monroe County, declaring that plaintiff, Allstate Insurance Co., did not have a duty to defend or indemnify Klock in a pending action. In 1971 Klock had installed and thereafter maintained a gasoline storage tank at an automobile dealership. In 1974 an adjoining landowner complained that a gasoline leak allegedly emanating therefrom was affecting his property. Klock ceased using the tank and drained its contents to alleviate any further damage. Several inground tests conducted to determine whether the tank was leaking proved to be inconclusive. Upon removal of the tank for testing, it was found to be without leaks.

The landowner sued Klock and Gray-Raycheff Dodge Agency Inc., the auto dealership. Webaco Oil Co., also sued by the landowner in a separate action alleging similar negligent installation and maintenance of a gasoline storage tank, instituted a third-party action against Klock. Plaintiff's claim against Klock was based upon a defective condition due to negligent installation and maintenance of the tank resulting in escape of gasoline therefrom. Upon receipt of the complaint framed in negligence and seeking damages caused by percolation through the soil of gasoline allegedly leaked from defendant's storage tank, Allstate, Klock's insurer, disclaimed. Allstate's refusal to defend in the landowner's action and in the third-party action commenced by Webaco Oil Co. was founded upon a pollution exclusion clause contained in the Klock business package insurance policy. The exclusion provided that Allstate was not obligated to defend or indemnify for "bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gasses, waste materials or other irritants, contaminants or pollutants into or upon the land * * * but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental".

■ The pollution exclusion is statutorily mandated (Insurance Law, § 46, subds 13, 14) and reflects a public policy in New York to encourage a cleaner environment by eliminating

the opportunity for industry to spread the risk of loss it causes by pollution. Public policy does not forbid enforcement of the insurance contract, however *(Messersmith v American Fid. Co.,* 232 NY 161, 166), and Allstate has the burden to prove its entitlement to the exclusion *(International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 327). Where the terms of an insurance policy are ambiguous or are subject to more than one reasonable construction, the policy must be construed most favorably to the insured and strictly against the insurer *(Farm Family Mut. Ins. Co. v Bagley,* 64 AD2d 1014). This is particularly so as to ambiguities found in an exclusionary clause *(Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356, 361).

■ The complaint framed in negligence alleges that gasoline "escaped". The question remains then whether "escape" can be found to be "sudden and accidental" so as to avoid the exclusion and fall within the contemplated risk. In construing whether or not a certain result is accidental, it is customary to review the casualty from the perspective of the insured and, applying the ordinary and proper meaning of the term, determine whether it was "unexpected, unusual and unforeseen" *(Miller v Continental Ins. Co.,* 40 NY2d 675, 677). The term is to be given its ordinary and popular meaning in the business liability insurance area *(Johnson Corp. v Indemnity Ins. Co. of North Amer.,* 7 NY2d 222, 227). If there was no intent to cause harm then any injury resulting from ordinary negligence is considered to be accidental. The "accident" is simply the undesigned event and the natural and ordinary consequences of a negligent act are not precluded *(Sturges Mfg. Co. v Utica Mut. Ins. Co.,* 37 NY2d 69; *Corbetta Constr. Co. v Michigan Mut. Liab. Co.,* 20 AD2d 375). Thus, the negligent installation or maintenance of the storage tank could result in an accidental discharge or escape of gasoline which would be both "sudden and accidental" though undetected for a substantial period of time (see *Employees Ins. Co. of Ala. v Rives,* 264 Ala 310). Also the word "sudden" as used in liability insurance need not be limited to an instantaneous happening *(McGroarty v Great Amer. Ins. Co.,* 43 AD2d 368, affd 36 NY2d 358). The term "sudden and accidental" must be construed in its relevant context. The relevant context to be considered is the fact that it is a term employed by an insurer in the contract and should be given the construction most favorable to the insured. Thus, regardless of the initial intent or lack thereof as it relates to causation, or the period of time

involved, if the resulting damage could be viewed as unintended by the fact finder, the total situation could be found to constitute an accident *(McGroarty v Great Amer. Ins. Co.,* 36 NY2d 358, 364) and therefore within the coverage afforded by Allstate in the comprehensive general liability insurance policy issued to Klock.

It is noteworthy that this policy expressly insures against risk of property damage from gasoline pumps and tanks and "[w]e cannot think that, given the economic and factual setting in which these policies were written, an ordinary businessman in applying for insurance and reading the language of these policies when submitted, would not have thought himself covered against precisely the damage claims now asserted" *(Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356, 361, *supra).* Accordingly, Allstate may not avoid its duty to defend as well as to indemnify *(Calkins v Merchants Mut. Ins. Co.,* 59 AD2d 1052).

The judgment should be reversed and judgment should be granted declaring Klock's rights under the policy in accordance with this opinion.

SIMONS, J. P., HANCOCK, JR., WITMER and MOULE, JJ., concur.

Judgment unanimously reversed, with costs and judgment entered in favor of defendant Klock in accordance with opinion by CALLAHAN, J.