WILLETT TRUCK LEASING CO., Plaintiff-Appellee, *v.* LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Appellant.

First District (1st Division)    No. 79-63

Opinion filed September 2, 1980.

Sam L. Miller, of Chicago, for appellant.

Galliani & Kuzel, and Beermann, Swerdlove, Woloshin & Barezky, both of Chicago (Miles N. Beermann and Howard A. London, of counsel), for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Liberty Mutual Insurance Company (hereinafter Liberty Mutual) brings this appeal from the entry of a summary judgment on November 27, 1978, in favor of Willett Truck Leasing Company (hereinafter Willett). The sole issue raised in this appeal is whether the trial court properly concluded that Liberty Mutual had the duty to defend and indemnify Willett against any judgment entered in an underlying personal injury action.

For the following reasons, we affirm in part, reverse in part, and remand.

On November 8, 1977, Willett filed a declaratory judgment action against Liberty Mutual seeking coverage and defense in an action brought against it by Joseph Korabik. The Korabik complaint alleged that fumes entered the cab of a truck leased by Willett to Meinhardt Cartage Company (hereinafter Meinhardt) and that Korabik, a Meinhardt employee operating the truck, was injured. The complaint further alleged that the fumes would not have entered the cab except for the negligent acts and omissions of Willett in failing to adequately inspect, test, and maintain the truck or to warn the plaintiff of the dangerous condition of the truck.

Meinhardt carried a workmen's compensation, automobile liability, and general liability policy with Liberty Mutual. The policy in issue in this appeal is an automobile liability policy which Meinhardt obtained as the named insured and under which Willett is named as an additional insured. The policy provided coverage for all sums which the insured shall become legally liable for because of bodily injury or property damage arising out of the ownership, maintenance, or use, including loading and unloading of any automobile. The policy also provided that the company would have

the right and duty to defend any suit against the insured even if the allegations of the suit are groundless, false, or fraudulent. The above stated coverage did not apply, however:

"(a) to liability assumed by the insured under any contract or agreement;

(b) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(c) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury; but this exclusion does not apply to any such injury arising out of and in the course of domestic employment by the insured unless benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;

(d) to property damage to

(1) property owned or being transported by the insured, or

(2) property rented to or in the care, custody or control of the insured, or as to which the insured is for any purpose exercising physical control, other than property damage to a residence or private garage by a private passenger automobile covered by this insurance;

(e) to bodily injury or property damage due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing, with respect to expenses for first aid under the Supplementary Payments provision;

(f) to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere, or any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental."

This declaratory judgment action was filed when Liberty Mutual denied Willett coverage and rejected its tender of defense. After both parties had moved for summary judgment, the trial court granted a summary judgment in Willett's favor determining that none of the exclusions to the policy alleged by Liberty Mutual in defense of the suit were applicable.

■■ Initially, we note that our review of the record on appeal discloses that Willett has filed a cross-appeal in this action from the denial of its request for costs and attorneys fees, but has not presented any argument in its brief

concerning these points. It is well established that any point not argued in a party's brief will be waived. (Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(7); *Eckley v. St. Therese Hospital* (1978), 62 Ill. App. 3d 299, 379 N.E.2d 306; *Wenzell v. MTD Products, Inc.* (1975), 32 Ill. App. 3d 279, 336 N.E.2d 125.) Accordingly, we will not consider the issues raised in Willett's cross-appeal.

Liberty Mutual argues that exclusions (a), (b), (c), and (f) of the subject policy apply here to relieve it of the obligation to defend or otherwise provide benefits to Willett as an additional insured under the policy. It places primary reliance upon exclusion (b) and (c) which it refers to collectively as the workmen's compensation exclusions. These clauses, according to Liberty Mutual, are intended to exclude coverage for either the named or additional insured where the insurance carrier has already become obligated to the injured person under workmen's compensation law. Liberty Mutual further argues that the term "insured" as used in the policy encompasses both the named insured and the additional insured rather than treating each as a separate insured. Therefore, the additional insured is subject to the same exclusions applicable to the named insured and may receive no greater insurance coverage than the named insured. Under this construction of the term "insured," where an employee of the named insured is injured and workmen's compensation is provided by the insurer, the insurer is relieved of its obligation to defend a personal injury suit against either the named or additional insured.

In *United States Fidelity & Guaranty Co. v. Globe Indemnity Co.* (1975), 60 Ill. 2d 295, 327 N.E.2d 321, the supreme court was asked to construe the identical workmen's compensation exclusion clauses at issue in the instant cause. That court held, that under the terms of the policy, whether an insured is characterized as a named or additional insured, each insured is treated as having a separate policy. Therefore, the employee exclusion clause did not preclude liability coverage for a suit filed by the insured's employee against the additional insured. Accord, *Inter-Insurance Exchange of the Chicago Motor Club v. Employers Mutual Casualty Co.* (1975), 31 Ill. App. 3d 906, 334 N.E.2d 913.

Liberty Mutual seeks to distinguish the *Globe* and *Inter-Insurance Exchange* cases on the basis that the policy in each of those cases contained a severability clause and that such a clause was not involved in the instant case. The *Globe* severability clause provided that:

> "The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company's liability." (60 Ill. 2d 295, 297.)

It was disclosed at oral argument that the instant policy included a clause identical to the severability clause contained in *Globe*, but that due to the inadvertence of the parties, it was not included in the copy of the policy

before the trial court. Indeed, Liberty Mutual admits that this cause would be controlled by *Globe* if this clause had been before the trial court.

Both parties had equal responsibility to furnish a complete policy for consideration by the trial court. This responsibility was not fulfilled by either party by obtaining a ruling of the trial court on a material matter going to the complete policy. Willett asserts that we should amend the record to include the complete policy under the authority provided by Supreme Court Rule 362. (Ill. Rev. Stat. 1979, ch. 110A, par. 362). Willett argues that this approach would not be unfair to Liberty Mutual as it would not raise any new issues and would be consistent with the principle that an insurance policy must be interpreted from an examination of the complete document. (*Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165, 319 N.E.2d 491.) As an alternative to this course of action, we also recognize that this court could send this cause back to the trial court to have the court consider the whole policy.

■■ We decline to take either of the above courses of action because we believe that the *Globe* holding is not necessarily limited to a fact situation where a severability clause is contained in the policy. While in *Globe* the court duly considered the language of the severability clause in reaching its decision, the court also noted:

> "Moreover, the clear intent of the employee exclusion is to preclude an employee from suing his employer for injuries suffered as a result of the employer's negligence. The purpose behind this exclusion is that the employee is covered by workmen's compensation and can recover with or without a showing of negligence. This purpose, however, fails when an employee sustains injuries through the negligence of one other than his employer though covered by the same policy, as in the case at bar. If liability for this latter type occurrence was to be excluded from the policy, it could have been clearly stated." (60 Ill. 2d 295, 299.)

Under the supreme court's construction of the employee-exclusion clause, coverage may be excluded only where an employee covered by workmen's compensation brings a personal injury action against his employer. Thus, where a nonemployee files suit against an insured who thereafter seeks coverage by its insurer, the existence or nonexistence of a severability clause would appear to have little import. Accordingly, we find that the workmen's compensation exclusions do not apply to relieve Liberty Mutual of its obligation to defend and indemnify Willett.

In considering next whether either exclusion (a) or (f) of the policy excluded coverage, we turn to the well established rules of construction which govern insurance contracts. The general principles governing the interpretation and construction of insurance contracts do not differ from

those controlling in other contracts. (*Rivota v. Kaplan* (1977), 49 Ill. App. 3d 910, 364 N.E.2d 337; *Whaley v. American National Insurance Co.* (1975), 30 Ill. App. 3d 32, 331 N.E.2d 571.) The court's primary purpose is to give effect to the intention of the parties as expressed therein. (*Rivota v. Kaplan*; *Goetze v. Franklin Life Insurance Co.* (1975), 26 Ill. App. 3d 104, 324 N.E.2d 437.) If there is no ambiguity in the words used in the policy, the plain, ordinary, and popular meaning of words should be used. (*Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165, 319 N.E.2d 491; *Rivota v. Kaplan*; *Grahame v. Mitchell* (1975), 28 Ill. App. 3d 334, 329 N.E.2d 17.) If an ambiguity exists, the language is strictly construed against the insurer and in favor of the insured. (*Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247; *Manchester Insurance & Indemnity Co. v. Universal Underwriters Insurance Co.* (1972), 5 Ill. App. 3d 847, 285 N.E.2d 185.) A court should not, however, invent an ambiguity where none in fact exists. *Manchester Insurance and Indemnity Co. v. Universal Underwriters Insurance Co.*

■■ Liberty Mutual argues that the "assumed liability" exclusion applies here because Willett assumed liability for Korabik's injuries when it agreed as part of its truck leasing agreement with Meinhardt to inspect and repair all of the vehicles subject to the lease. We do not agree. Applying the foregoing principles to this exclusion, we find no ambiguity in the language of the exclusion and, therefore, find no reason to consider extrinsic evidence to contravene the plain import of the language of the policy. (*Rivota v. Kaplan*; *General Casualty Co. v. Elam* (1972), 8 Ill. App. 3d 215, 289 N.E.2d 699.) Under this exclusion, policy coverage is excluded for "liability assumed by the insured under any contract or agreement." From a plain reading of this language, it is clear that the parties intended to exclude coverage only for express assumptions of liability. An insured's agreement to indemnify another for a loss would constitute such an express assumption of liability. This exclusion was obviously intended to guarantee that the insurer would not be required to provide coverage for risks which were not anticipated and for which the insured would not have been held liable absent the agreement to assume liability.

The inspection and repair provision of the truck leasing agreement created certain rights and obligations for the parties. While a breach of Willett's obligation to inspect or repair could result in an action for breach of contract or a negligence action, Willett did not agree under the lease to act as an insurer of the safety of the trucks or to otherwise assume liability under the lease. If the meaning now attributed to this exclusion was contemplated by Liberty Mutual in drafting this exclusion, it is very clear that it could have so provided in precise language. *United States Fidelity & Guaranty Co. v. Globe Indemnity Co.* (1975), 60 Ill. 2d 295, 327 N.E.2d 321; *Brady v. Highway Commissioner* (1975), 24 Ill. App. 3d 972, 322 N.E.2d

236; *Manchester Insurance & Indemnity Co. v. Universal Underwriters Insurance Co.* (1972), 5 Ill. App. 3d 847, 285 N.E.2d 185.

■■ ■ Exclusion (f) of the policy excludes coverage for bodily injury arising out of the discharge, dispersal, release, or escape of a variety of substances including fumes but provides that "this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental." Liberty Mutual contends that the complaint does not allege that the fumes escaped in a sudden or explosive manner, and thus coverage is excluded. We reject this contention. Illinois decisional law holds that an insurer's duty to defend is established if the complaint alleges facts within the coverage of the policy or potentially within the coverage of the policy. *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 355 N.E.2d 24; *Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165, 319 N.E.2d 491; *Grinnell Mutual Reinsurance Co. v. Frierdich* (1979), 79 Ill. App. 3d 1146, 399 N.E.2d 252; *McFadyen v. North River Insurance Co.* (1965), 62 Ill. App. 2d 164, 209 N.E.2d 833.

Upon reviewing the subject policy and the complaint filed in the underlying action, we believe that the complaint does allege facts potentially within the coverage of the policy. The complaint alleges that fumes were the source of Korabik's injuries. We think that it is clear that the fumes which entered the cab of Korabik's truck could have been sudden and accidental in nature. Thus we hold that the trial court correctly determined that Liberty Mutual had the obligation to defend Willett against the Korabik action. The duty to defend is broader than the duty to provide indemnification. (*McFadyen v. North River Insurance Co.*; see *Maryland Casualty Co. v. Peppers*; *Grinnell Mutual Reinsurance Co. v. Frierdich.*) Consequently, whether coverage is ultimately available under the policy will depend on the trier of fact's determination in the underlying action concerning the nature of the fumes. (*Grinnell Mutual Reinsurance Co. v. Frierdich.*) If the trier of fact reaches the conclusion that the fumes were not sudden and accidental in nature, then the exclusion will act to relieve Liberty Mutual of its duty to indemnify Willett under the policy. In so concluding, we direct the parties' attention to comments made in *Maryland Casualty Co.* regarding the conflict of interest and ethical questions raised in such a situation.

Accordingly, the judgment of the circuit court of Cook County is affirmed as to the requirement of Liberty Mutual to defend Willett in the underlying personal injury action brought by Joseph Korabik but reversed and remanded as to the issue of indemnification. This question is reserved for further determination by the trial court until a disposition has been reached in the underlying action.

Affirmed in part, reversed in part, and remanded.

GOLDBERG, P. J., and O'CONNOR, J., concur.