OPINION OF THE COURT
James F. Niehoff, J.
The parties agree that there are no factual issues involved in this action.
On May 10, 1979 an infant, David Dunn, was allegedly injured on or near a boat which was owned by the plaintiff James Flood. The boat was a 17-foot Cobia runabout ordinarily powered by a 40-horsepower outboard engine. At the time of the incident the boat was being kept in dry dock atop a trailer on a neighbor’s property.
In September or October, 1980 a lawsuit was commenced by Rosemary Dunn, the mother of David Dunn, on his behalf, and on her own behalf, against Julia H. Wiehn (the neighbor) and James Flood to recover damages for the injuries allegedly sustained by the infant on May 10,1979. Though originally denominated a Supreme Court action the parties, by written stipulation, reduced the amount of the ad damnum clause to $6,000 and removed the action to the District Court.
After being served in the Dunn action, James Flood notified his homeowner’s insurance carrier, the United *552 States Fidelity and Guaranty Co. (USF&G). By letter dated October 24, 1980 the USF&G disclaimed coverage and denied any obligation to defend or indemnify James Flood for the accident in question. Thereafter, the plaintiff initiated this action seeking a declaration to the effect that the disclaimer is improper and an order of the court directing the defendant carrier to defend and indemnify Mr. Flood with respect to the negligence action brought by the Dunns.
Before the court is a motion by the plaintiff seeking summary judgment in its favor and a cross motion by the defendant seeking summary judgment in its favor.
The disclaimer of the defendant USF&G is premised upon an exclusion set forth on page 4 of the plaintiff’s homeowner’s policy. The exclusion reads as follows:
“This policy does not apply:
“b. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any watercraft:
“(1) owned by or rented to any Insured if the watercraft has inboard or inboard-outboard motor power of more than 50 horsepower or is a sailing vessel (with or without auxiliary power) 26 feet or more in overall length; or
“(2) powered by any outboard motor(s) singly or in combination of more than 25 total horsepower, if such outboard motor(s) is owned by any Insured at the inception of this policy and not endorsed hereon, unless the Insured reports in writing to this Company within 45 days after acquisition his intention to insure the outboard motor or combination of outboard motors, ownership of which was acquired prior to the policy term.”
As noted above, there is no dispute (1) that the plaintiff owns the boat in question; (2) that the boat had a 40-horsepower Evinrude outboard motor at the time of the accident, and (3) that James Flood owned the boat for about three years prior to the accident. Thus, it is the defendant’s position that the plaintiff James Flood’s boat comes within the exclusionary language of subparagraph (2) set forth above. The plaintiff, on the other hand, argues that since his boat was in dry storage on an empty lot it *553 was not “powered” by anything and that, therefore, the exclusion is inapplicable to the facts of this case. In short, the plaintiff contends that it is of no moment whether the boat had a 10-horsepower engine or a 40-horsepower engine inasmuch as it was only being stored at the time of the accident.
It is a well-established general principle of the law of insurance that forfeitures are not looked upon with favor and that words of limitation in the nature of an exclusion are strictly construed against the insurer where they are ambiguous or of uncertain import. (See Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co., 34 NY2d 356, 361.) However, the rule calling for strict construction of insurance contracts arises only when the policy is ambiguous or open to construction. Thus, “the rule of construction against the insurer does not apply where the meaning and intention of the contract are clear as expressed in the policy, even though the choice of words was that of the insurer” (29 NY Jur, Insurance, §619) and “since insurance companies have the right to limit their liability and to impose whatever conditions they please upon their obligations, not inconsistent with public policy, insurers are entitled to have such exceptions and limitations, if plainly stated, construed and enforced as expressed.” (29 NY Jur, Insurance, §623.)
In the situation before the court the defendant has in clear and unambiguous language excluded from coverage under James Flood’s homeowner’s policy watercraft with inboard or inboard-outboard engines in excess of 50 horsepower, sailboats over 26 feet in length, and boats with outboard motors having more than 25 horsepower. It may be that the exclusion is based upon past unfavorable experience ratings concerning larger, more powerful boats as compared to smaller, slower ones.
However that may be, the policy specifically excludes liability coverage for bodily injury or property damage caused by the ownership, maintenance, operation, use, loading or unloading of such watercraft. Hence, injury caused by the instrumentality, to wit, a watercraft of the type specifically excluded from coverage, is not covered by the policy, irrespective of whether the watercraft is being *554 operated or used, powered or not. All that is necessary is that the injury arise out of the ownership, maintenance, operation, use, loading or unloading of an excluded boat.
Whatever the reason for the exclusion, the exclusion is clearly and unambiguously stated in the policy and, in the court’s opinion, must be enforced as therein expressed.
Consequently, it is the decision of the court that the defendant USF&G is entitled to the entry of summary judgment in its favor declaring that its disclaimer is valid and that it is not obligated to defend or indemnify the plaintiff James Flood in the Dunn action. That being so, the plaintiff’s motion for summary judgment in its favor is denied.