RELIANCE INSURANCE COMPANY OF ILLINOIS, Plaintiff-Appellee, *v.* JEROME B. MARTIN *et al.,* Defendants-Appellants.

First District (3rd Division)   No. 82—1792

Opinion filed June 20, 1984.—Rehearing denied August 2, 1984.

Glen E. Amundsen and Victor J. Piekarski, both of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellants.

Judge, Kurnik & Knight, Ltd., of Chicago (Jay S. Judge, of counsel), for appellee.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Defendants, Jerome B. Martin and Richard P. Sullivan, d/b/a J. Martin Company (Martin Co.), appeal from the denial of their motion for judgment on the pleadings and the granting of plaintiff's motion for summary judgment in favor of plaintiff, Reliance Insurance Company of Illinois (Reliance). The court held that Reliance was not obligated to defend or indemnify Martin Co. pursuant to a "pollution exclusion" in a comprehensive general liability insurance policy issued to Martin Co. by Reliance.

Candee Hoff and Arthur Hoff filed suit against Martin Co. and other defendants, who are not involved in this appeal, to recover damages for alleged personal injuries and property damage caused when carbon monoxide and soot entered their condominium unit from an adjacent parking garage operated by Martin Co.

In their complaint[1], framed in negligence, the Hoffs alleged that Martin Co. had failed: (1) to discover the condition; (2) to take preventive maintenance steps to avoid the release of carbon monoxide and black soot into the residential area of the condominium; (3) to efficiently and effectively remedy the problem upon discovery; and (4) to warn plaintiffs of the condition. The complaint further alleged that subsequent to the purchase of the condominium unit, Candee Hoff found that carbon monoxide "regularly" escaped into the condominium unit from the parking garage and that black soot entered the unit at "diverse times through the ventilating grates, walls or floors." Candee Hoff further alleged that over a period of time she had discovered the condition.

Reliance had issued a comprehensive general liability insurance policy to Martin Co. Martin Co. forwarded Hoff's complaint to Reliance for defense pursuant to the contract of insurance. On October 28, 1981, Reliance wrote to the Martin Co., disclaiming coverage for the Hoff claim on the basis of the following exclusion of the policy:

"This insurance does not apply:

* * *

(f) to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste

---

[1]The record filed in this cause does not contain a copy of the Hoff complaint.

materials or other irritants, contaminants or pollutants into or upon any land, the atmosphere or any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental."

On February 1, 1982, Reliance again wrote to Martin Co., reaffirming its decision that there was no coverage under the terms of the policy based on the exclusion provision. No reservation of rights letter was sent by Reliance to Martin Co.

On February 2, 1982, Reliance filed a suit seeking a declaratory judgment that it had no obligation to defend Martin Co. under the contract of insurance because of the pollution exclusion. Martin Co. filed a motion for judgment on the pleadings with a supporting memorandum of law. In response, Reliance filed a motion for summary judgment and a memorandum of law in opposition to Martin Co.'s motion. A hearing on both motions was held on June 17, 1982, and the trial court entered an order denying Martin Co.'s motion for judgment on the pleadings and granting Reliance's motion for summary judgment, on the basis of the pollution exclusion in the insurance contract. Martin Co. appeals.

I

■■ The main issue on appeal is whether, under the allegations of the Hoff's complaint, the alleged release of carbon monoxide and soot into the Hoff's condominium unit could have been "sudden and accidental" so as to remove it from the pollution exclusion. If so, Reliance would have the responsibility to defend the Hoff complaint under the terms of the general liability insurance policy. An insurer must defend a claim where any of the allegations of the complaint fall within, or potentially within, the coverage provided. (*Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 355 N.E.2d 27.) Where the terms of an insurance policy are ambiguous or are subject to more than one reasonable construction, the policy should be construed in favor of the insured and strictly against the insurer. (*Willett Truck Leasing Co. v. Liberty Mutual Insurance Co.* (1980), 88 Ill. App. 3d 133, 410 N.E.2d 376; *Allstate Insurance Co. v. Klock Oil Co.* (1980), 426 N.Y.S.2d 603, 73 App. Div. 2d 486.) This is especially true as to any ambiguities found in an exclusionary clause. (*Thomas J. Lipton, Inc. v. Liberty Mutual Insurance Co.* (1974), 34 N.Y.2d 356, 357 N.Y.S.2d 705, 314 N.E.2d 37; *Allstate Insurance Co. v. Klock Oil Co.* (1980), 426 N.Y.S.2d 603, 73 A.D.2d 486.) However, a court should not invent an ambiguity where in fact none exists. *Willett Truck Leasing Co. v. Liberty Mutual Insurance Co.* (1980), 88 Ill. App. 3d 133, 410 N.E.2d

376.

The *Willett* case appears to be the only Illinois case to have dealt with the issue of a pollution exclusion clause. In *Willett* the plaintiff had allegedly been injured when carbon monoxide fumes entered the cab of the truck which he was operating and which had been leased from Willett. The complaint was silent as to the time or manner of how the fumes escaped into the plaintiff's cab. When Liberty Mutual, Willett's insurer, refused to defend on the basis of a pollution exclusion clause, which was identical to the one in the case at bar, Willett filed a declaratory judgment action against Liberty Mutual seeking coverage and a defense. The trial court entered summary judgment for the insured, Willett. This court affirmed, stating that it was clear that the fumes which entered the cab could have been sudden and accidental in nature. Thus, Liberty Mutual was obligated to defend Willett against the action since the duty to defend is broader than the duty to indemnify. (*Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 355 N.E.2d 24; *Grinnell Mutual Reinsurance Co. v. Frierdich* (1979), 79 Ill. App. 3d 1146, 399 N.E.2d 252.) This court held that whether coverage was ultimately available under the contract was a question of fact to be decided by the trier of fact, concerning the nature of the fumes.

In the instant matter, unlike *Willett*, the complaint alleged that the fumes and soot entered the Hoff condominium at diverse times and over a period of time. Reliance asserts that this precludes any question as to whether the entrance of the fumes was sudden and accidental. This particular issue has not been addressed by the Illinois courts. However, in *Allstate Insurance Co. v. Klock Oil Co.* (1980), 426 N.Y.S.2d 603, 73 App. Div. 2d, 486, the New York Supreme Court, Appellate Division, in construing a pollution exclusion clause identical to the one in the instant case, stated that in determining whether a certain result is "accidental" the term must be given its ordinary and popular meaning in the business liability insurance area. If there was no intent to cause harm, then any injury resulting from ordinary negligence is considered accidental. The "accident" is the undesigned event and this may include the natural and ordinary consequences of a negligent act.

The New York court further stated: "[T]he word 'sudden' as used in liability insurance need not be limited to an instantaneous happening. [Citations.] The term 'sudden and accidental' must be construed in its relevant context. The relevant context *** is the fact that it is a term employed by an insurer in the contract and should be given the construction most favorable to the insured. Thus, regardless of the

initial intent or lack thereof as it relates to causation, or the period of time involved, if the resulting damage could be viewed as unintended by the factfinder, the total situation could be found to constitute an accident. [Citation.]" 426 N.Y.S.2d 603, 605, 73 App. Div. 2d 486, 488-89.

Under this analysis the relevant question is not the time frame involved but whether Martin Co., the insured, could have intended or expected carbon monoxide and soot to enter the Hoff's condominium unit. Although, clearly, the operator of a parking garage must expect to release fumes and soot into the facility itself, as well as into the air and streets, it is not equally clear that he should expect to release soot and fumes into adjacent residential structures. We believe this constitutes a question of fact.

■ It is well established that summary judgment should be entered only when the pleadings, depositions and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1983, ch. 110, par. 2–1005(c).) Since a question of fact remains regarding whether the alleged damages to the Hoffs as a result of the soot and fumes generated by the Martin Co. were sudden and accidental, summary judgment was improperly entered in favor of Reliance. The trial court erred in not granting Martin Co.'s motion for judgment on the pleadings, requiring Reliance to assume the defense of the action by the Hoffs against Martin Co. An insurer must defend a claim when the complaint alleges facts within the coverage of the policy or potentially within the coverage of the policy. *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 355 N.E.2d 24.

## II

■ The second issue on appeal is whether Reliance, having wrongfully refused to defend Martin Co., is thereby estopped from raising coverage defenses if there should be a subsequent finding that the damages suffered by the Hoffs were not sudden and accidental and, therefore, within the pollution exclusion in the insurance contract. The rule in Illinois appears to be well established that in cases of doubt as to coverage, an insurer has an obligation to the insured either to defend under a reservation of the right to deny coverage at a later date, or to seek a declaratory judgment as to its obligations. (*Thornton v. Paul* (1978), 74 Ill. 2d 132, 156, 384 N.E.2d 335; *Sims v. Illinois National Casualty Co.* (1963), 43 Ill. App. 2d 184, 193 N.E.2d 123.) In the instant matter, Reliance sought a declaratory judgment

regarding its obligation to defend the Martin Co. against the Hoff's complaint one day after informing Martin Co. that there was no coverage under their insurance policy. We can find no fault in this regard. Thus, Reliance will not be estopped to deny coverage should the fact finder determine that the Hoff's damages were not sudden and accidental.

Reversed.

RIZZI, P.J., and McNAMARA, J., concur.