■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v JAMES BORCZYNSKI, as Parent and Natural Guardian of JEFFREY BORCZYNSKI, an Infant, Appellant. [598 NYS2d 407] —Order unanimously reversed on the law with costs and petition dismissed. Memorandum: We agree with respondent that the underinsured motorists coverage of petitioner's policy applies to the accident involving infant Jeffrey Borczynski. There is no express requirement in the policy that an insured must be an operator of, or a passenger in, an insured vehicle in order to obtain benefits under that coverage. The general purpose of that coverage is to provide personal protection against the possibility of an accident with an uninsured or underinsured motorist *(see,* Governor's Mem approving L 1977, ch 892, 1977 NY Legis Ann, at 310).

"In addition to the foregoing measures designed to contain costs, the bill makes other important improvements in the no-fault law including * * * the creation of 'supplementary uninsured motorist' coverage so that an individual can fully protect himself against the possibility of an accident with an underinsured motorist" (Governor's Mem approving L 1977, ch 892, 1977 NY Legis Ann, at 311). To interpret the policy in the manner urged by petitioner would negate that purpose. If

petitioner intended such a limitation, it should have stated so in clear language rather than relying upon an obscure passage under the subtitle, "Limits of Liability". That section deals with limitations on the amount of coverage to be afforded and does not deal with the issue of coverage itself. In order to sustain the construction of an exclusionary provision in a policy against the insured, the insurer has the burden of establishing that its construction or interpretation of the policy is the only construction that can be fairly placed thereon *(see, Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356; *Allstate Ins. Co. v Klock Oil Co.,* 73 AD2d 486; *Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, *lv denied* 44 NY2d 646; *Milstein v Ortner,* 36 AD2d 625). Petitioner has not met that burden. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Arbitration.) Present—Callahan, J. P., Green, Lawton, Doerr and Boehm, JJ.