12-1770-cv
Dollar Phone Corp. v. St. Paul Fire and Marine Ins. Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 14th day of March, two thousand thirteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                      *Circuit Judges*.

_____

DOLLAR PHONE CORPORATION,
DOLLAR PHONE SERVICES, INCORPORATED,

                 *Plaintiffs-Appellants*,

          -v-                                            12-1770-cv

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

                 *Defendant-Appellee*.

_____

Appearing for Appellant:     Peretz Bronstein, Bronstein, Gewirtz & Grossman LLC (Shimon Yiftach, on the brief) New York, N.Y.

Appearing for Appellee:      Vincent Velardo, Litchfield Cavo LLP, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Irizzary, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Dollar Phone Corp. and Dollar Phone Services, Inc. (together, "Dollar Phone") appeal from the March 30, 2012 order and judgment of the United States District Court for the Eastern District of New York (Irizzary, *J.*) adopting the report and recommendation of Magistrate Judge Viktor V. Pohorelsky that the court grant St. Paul Fire and Marine Insurance Co.'s motion for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Dollar Phone sought insurance coverage from St. Paul Fire and Marine Insurance Company ("St. Paul") pursuant to an insurance policy that covered "advertising injury offenses." The district court found that New York law did not trigger a coverage obligation absent an allegation that the advertising contained specific unfavorable fact assertions regarding a rival product. Even assuming arguendo that the district court erred in its analysis of the availability of coverage for an advertising injury, the district court correctly determined that the policy's poor quality exclusion applied. The policy provides in relevant part that:

> Poor quality or performance. We won't cover advertising injury that results from the failure of your products, your work, or your completed work to conform with advertised quality or performance.

"To negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case." *Continental Cas. Co. v Rapid-American Corp.*, 80 N.Y.2d 640, 652 (1993) (internal citations omitted). Policy exclusions are given a strict and narrow construction, with any ambiguity resolved against the insurer. *Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.*, 34 N.Y.2d 356, 361 (1974). Where it can be determined from the factual allegations of the complaint that there is "no basis for recovery within the coverage of the policy," then the insurer may properly decline to provide a defense. *Allstate Ins. Co. v. Mugavero*, 79 N.Y.2d 153, 163 (1992).

We find no ambiguity in the policy language, which plainly allows the insurer to disclaim coverage here. The gravamen of the complaint at issue alleged in relevant part that Dollar Phone advertised calling cards that provided fewer minutes than advertised. There is no question that the poor quality exclusion applies. *See, e.g., Total Call Int'l, Inc. v. Peerless Ins. Co.*, 181 Cal. App. 4th 161, 172 (Cal. Ct. App. 2010) (poor quality exclusion applies because complaint alleged the "insured's advertising misrepresented the quality or price of the insured's own product").

Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk