**STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation, Plaintiff–Appellant,**

v.

**April PICKARD, Defendant–Appellee.**

**No. 87–2746.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 1988.

Decided June 20, 1988.

Jon Douglas Benson, Reno, Nev., for plaintiff-appellant.

Valerie N. Strandell, McDonald, Carano, Wilson, McCune, Bergin, Frankovich & Hicks, Reno, Nev., for defendant-appellee.

Before SKOPIL, PREGERSON and BEEZER, Circuit Judges.

SKOPIL, Circuit Judge:

State Farm Fire and Casualty Company (State Farm) appeals a declaratory judgment by the district court that State Farm's homeowner policy provides coverage for emotional harm caused by negligent care and intentional sexual abuse. State Farm argues that either the policy (1) does not cover emotional harm; or (2) excludes coverage for household members. We agree with the latter argument and reverse.

## FACTS AND PRIOR PROCEEDINGS

The insured in this case, Richard Warren, pleaded guilty to statutory sexual seduction of his fifteen-year-old stepdaughter, April Pickard. *See* Nev.Rev.Stat. § 200.364(3) (1987). Pickard thereafter brought a state civil action against Richard Warren and her mother, Donna Warren. Pickard alleged that the Warrens acted negligently in caring for her and that Richard Warren's acts constituted battery and intentional infliction of emotional distress.

State Farm brought this declaratory judgment action to determine if it has a duty to defend and indemnify the Warrens in Pickard's state action. State Farm's policy provides general liability coverage to the insured, subject to exclusions for household members and intentional injury. The district court found that Richard Warren intended to cause bodily injury to Pickard when he sexually abused her. The court ruled, however, that the intentional injury and household members exclusions in State Farm's policy did not exclude coverage for emotional distress. The court held that State Farm had a duty to defend the Warrens and pay any judgment awarded to Pickard.

## DISCUSSION

■ The question before us is whether State Farm is required under its homeowner's policy to defend and indemnify the Warrens in Pickard's action. We review de novo a district court's construction of an insurance policy. *American States Ins. Co. v. Borbor,* 826 F.2d 888, 890 (9th Cir. 1987).

While Pickard concedes that State Farm's policy provides no coverage for physical harm to her, she argues that emotional harm is within the scope of the policy's coverage. The district court apparently assumed that emotional distress was covered under the policy. The policy provides coverage for liability in an action brought against an insured for damages because of bodily injury. The policy states that "[t]hroughout this policy ... *'bodily injury'* means bodily harm, sickness or disease" (emphasis in original). The policy makes no mention of coverage for emotional distress.

Some courts have ruled that use of the term "bodily injury" in an insurance policy restricts coverage under the policy to physical injury, excluding nonphysical harm to

the person. *See, e.g., American and Foreign Ins. Co. v. Church Schools in the Diocese of Virginia,* 645 F.Supp. 628, 632–33 (E.D.Va.1986); *St. Paul Fire and Marine Ins. Co. v. Campbell County School Dist.,* 612 F.Supp. 285, 287 (D.Wyo.1985); *Rolette County v. Western Casualty and Surety Co.,* 452 F.Supp. 125, 130 (D. N.D. 1978). Other courts, however, have held that use of the term "bodily injury" in an insurance policy does not avoid coverage for emotional distress. *See, e.g., Levy v. Duclaux,* 324 So.2d 1, 10 (La.Ct.App.1975) *cert. denied,* 328 So.2d 887–88 (La.1976); *NPS Corp. v. Insurance Co. of N. Am.,* 213 N.J. Super. 547, 552, 517 A.2d 1211, 1214 (Super.Ct.App.Div.1986); *County of Chemung v. Hartford Casualty Ins. Co.,* 130 Misc. 2d 648, 650–51, 496 N.Y.S.2d 933, 935–36 (Sup.Ct.1985).

■ It is not necessary for us to resolve the meaning of "bodily injury." If "bodily injury" in State Farm's policy does not include emotional distress, there is no coverage for Pickard's injuries. Alternatively, even if "bodily injury" includes emotional distress, the "household members" exclusion in the policy prevents coverage. The exclusion denies coverage for bodily injury to relatives living in the same household as the named insureds. Pickard concedes that she was a member of the Warren household during the time she was sexually abused by Richard Warren.

Pickard argues, however, that the policy's coverage clause encompasses emotional harm, but that the exclusion clause pertains only to bodily injury. We cannot agree. The policy provides coverage if "a claim is made or a suit is brought against any insured for damages because of bodily injury." Pickard's contention that the word "damages" in the coverage clause encompasses emotional harm is without merit. The term "damages" refers to a claim or suit for damages. It does not refer to results of bodily injury. Moreover, the definition of bodily injury applies consistently throughout the policy, both in the coverage and exclusion sections. Even if bodily injury included emotional harm, such injuries would not be covered under the household members exclusion. Therefore, we conclude that State Farm is not obligated to defend or indemnify the Warrens in Pickard's state action.

REVERSED.