STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellant, v. ANTHONY J. GUCCIONE *et al.*, Defendants-Appellees.

Second District No. 2—87—1025

Opinion filed June 30, 1988.—Rehearing denied July 29, 1988.

John P. Callahan and Victor J. Piekarski, both of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellant.

Hubert E. Hermanek, of Chicago, for appellee Gus Kazas.

Nicholas C. Pamel, of Angelos, Angelos & Anagnos, Ltd., of Chicago, for appellees Anthony Guccione and Tessie Guccione.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, State Farm Fire and Casualty Company, filed a complaint for declaratory judgment against defendants, Anthony Guccione, Tessie Guccione, and Gus Kazas. Plaintiff appeals from the trial court's order denying its motion for judgment on the pleadings and granting defendants' motions for summary judgment. On appeal, plaintiff contends that a homeowner policy issued to the Gucciones provides no coverage to Anthony Guccione with regard to a personal injury action filed against him by Gus Kazas because the policy excludes from coverage bodily injuries to insured parties and Kazas is an insured party. We reverse.

Plaintiff's complaint for declaratory judgment stated that Kazas had filed a lawsuit against Anthony Guccione in the circuit court of Du Page County. The Kazas complaint, attached as an exhibit, sought damages as a result of bodily injuries suffered by Kazas when Guccione negligently discharged a firearm on November 14, 1984. The Kazas complaint alleged that, at the time of the shooting, Kazas and Guccione both resided at 253 West Armitage in Elmhurst and the incident took place at that address.

The complaint for declaratory judgment also stated that plaintiff had issued an insurance policy to Anthony and Tessie Guccione. Plaintiff attached a copy of this homeowner policy as an exhibit to the complaint. Pursuant to the terms of the policy, Anthony Guccione tendered the summons and complaint in the Kazas lawsuit to plaintiff, which defended the action under a reservation of rights. Defendants admitted the above allegations in their answer. The complaint for declaratory judgment further alleged that the policy does not cover bodily injuries to insured parties, that relatives living in the household of the named insured are insured parties, and that Kazas, as the stepson of Anthony Guccione, is an insured party. In their answers, defendants denied that Kazas was a relative of Anthony Guccione.

Plaintiff subsequently filed its motion for judgment on the pleadings, and defendants filed motions for summary judgment. A hearing was set on these motions for September 29, 1987. On September 25, plaintiff amended its complaint, adding allegations that Tessie Guccione was the mother of Gus Kazas and that she resided with her husband, Anthony Guccione, and with Kazas at the time of the shooting. Counsel for defendants admitted at the September 29 hearing that these additional allegations were true. After hearing argument, the trial court granted defendants' motions for summary judgment and denied plaintiff's motion for judgment on the pleadings. Plaintiff appeals from the trial court's ruling.

Plaintiff asserts that no coverage is available to defendants under the policy because of a provision excluding coverage for bodily injuries to any insured party. If a provision of an insurance policy is ambiguous, it will be construed strictly against the insurer. (*Reliance Insurance Co. v. Martin* (1984), 126 Ill. App. 3d 94, 96, 467 N.E.2d 287, 289.) This is especially true with regard to exclusionary clauses. (*Martin*, 126 Ill. App. 3d at 96, 467 N.E.2d at 289.) Provisions of an insurance policy should not be construed against an insurer, however, when no ambiguity exists. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 495, 475 N.E.2d 872, 876.) When the policy language can reasonably be given its plain, ordinary, and popular meaning, the policy provisions will be applied as written, and the parties will be bound by the agreement they made. *Brochu*, 105 Ill. 2d at 495, 475 N.E.2d at 876.

Here, the applicable policy provisions contain no ambiguity, and the policy clearly provides no coverage to Anthony Guccione with regard to the lawsuit filed against him by Gus Kazas. Under one of the exclusionary provisions of the policy, the personal liability coverage does not apply to "bodily injury to you or any insured within the meaning of part (a) or (b) of the definitions of insured." The definitional section of the policy states that the words "you" and "yours" refer to the named insured shown in the declarations and the spouse if he or she is a resident of the same household. Both Anthony and Tessie Guccione are mentioned as named insureds in the declarations portion of the policy. The definitional section further states as follows:

> "3. 'insured' means you and the following residents of your household:
>
> a. your relatives ***."

Under this provision, a person is insured if he or she lives in the same household as a named insured and is a relative of the named insured or a relative of the spouse of the named insured provided that the spouse also lives in the same household. It is undisputed that the Gucciones and Gus Kazas resided in the same household on November 14, 1984, and that Tessie Guccione is the natural mother of Gus Kazas and wife of Anthony Guccione. Kazas is therefore an insured party, and the policy does not cover bodily injuries to him.

Defendants assert that a severability clause in the policy must be considered as well. This clause states as follows:

> "This insurance applies separately to each insured. This condition shall not increase our limit of liability for any one occurrence."

According to defendants, the effect of this provision is to afford sepa-

rate coverage to Anthony Guccione, Tessie Guccione, and Gus Kazas. (See *United States Fidelity & Guaranty Co. v. Globe Indemnity Co.* (1975), 60 Ill. 2d 295, 299, 327 N.E.2d 321, 323.) Defendants argue that when the severability clause is taken into account the policy does provide coverage to Anthony Guccione for any bodily injuries suffered by Kazas as a result of the shooting. We disagree with this contention.

In the *United States Fidelity & Guaranty Co.* case, the policy in question contained a severability clause quite similar to the one in the instant case. Two companies were insured parties under the policy. An exclusionary clause stated that the insurance did not apply "to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured." The court stated that, pursuant to the severability clause, each insured was to be treated as a separately insured party. Accordingly, the exclusionary clause only operated to bar coverage in the event an employee of an insured company sued that company, not if the employee sued the other insured company. *United States Fidelity & Guaranty Co.*, 60 Ill. 2d at 299, 327 N.E.2d at 323.

■ In the case at bar, even if we view Anthony Guccione as a separately insured party, the exclusionary clause still applies. That provision states that the personal liability coverage does not apply to "bodily injury to you or to any insured within the meaning of part (a) or (b) of the definition of insured." Since, as we have previously seen, Gus Kazas falls within the definition of insured as that term is defined in the policy, the personal liability coverage afforded to Anthony Guccione does not apply to bodily injuries suffered by Kazas. The trial court therefore erred by granting defendants' motions for summary judgment and denying plaintiff's motion for judgment on the pleadings. We reverse the trial court's order concerning those motions and enter a declaratory judgment that the insurance policy issued by plaintiff provides no coverage to Anthony Guccione with regard to the lawsuit filed against him by Gus Kazas.

Reversed.

LINDBERG, P.J., and INGLIS, J., concur.