**PRINCIPAL CASUALTY INSURANCE COMPANY, Appellee,**

v.

**Stephen BLAIR, Defendant,**

**and**

**Debbie Blair and Michael Blair, Appellants.**

No. 92–930.

Supreme Court of Iowa.

May 19, 1993.

Donald G. Beattie and Ed Skinner of Skinner, Beattie & Wilson, P.C., Altoona, for appellants.

Marsha K. Ternus and Brian M.F. Kennedy of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.

Considered by LARSON, P.J., and SCHULTZ, NEUMAN, SNELL, and ANDREASEN, JJ.

SCHULTZ, Justice.

We must decide in this appeal whether a family exclusion provision contained in a homeowners insurance policy is effective to prevent coverage for personal liability and medical payments to others. The Principal Casualty Insurance Company (Principal) issued a homeowners policy to Stephen and Debbie Blair. Debbie Blair, individually and as mother and next best friend of Michael Blair, commenced an action for damages against her husband, Stephen Blair, for injuries their son Michael sustained when a wheel came off of his bicycle and caused him to fall. In her petition, Debbie alleged that Stephen had negligently assembled the bicycle. Principal commenced this declaratory judgment action, claiming its policy did not provide liability coverage for Stephen and medical payments coverage for Michael because of its family exclusion clauses. The district court sustained Principal's motion for summary judgment, ruling that there was no insurance coverage. We affirm.

In this case the facts are not in dispute. Our review is to determine whether the district court correctly determined the legal consequences arising from the terms of the insurance policy. *Hernandez v. Farmers Ins. Co.*, 460 N.W.2d 842, 843 (Iowa 1990).

Principal's homeowners policy provides clauses for personal liability protection and for medical payment coverage. The "Personal Liability Coverage" for an insured excludes coverage for bodily injury to "your relatives residing in your household...." The policy clause for "Medical Payment to Others Coverage" pays medical expenses for persons who sustain bodily injury "caused by activities of an insured person;" however, the clause specifies that the insurer does not cover injury to an "insured person." One of the definitions of an "insured person" is "your relatives residing in your household." Michael Blair, a minor, resides with Stephen and Debbie Blair, the named insureds. Principal named all of the Blairs as defendants in this lawsuit. Hereinafter we shall refer to them as the Blairs.

Principal maintains the exclusion of "relatives residing in your household" (family exclusion), deprives the Blairs of liability coverage and medical payments coverage. The Blairs contend the "family exclusion" is void because it is contrary to public policy and unconstitutional because it violates the equal protection clause.

▮ I. *Public policy.* The Blairs present affidavits to the effect that no other Iowa insurers offer coverage to insureds

who negligently injure family members residing in the household. The Blairs urge that a significant population is irrationally excluded from insurance coverage contrary to public policy.

The Blairs cite us no case authority to support their position. We find no cases of our own involving the application of the "family exclusion" to a homeowners policy; however, many other jurisdictions have recognized the validity of the exclusion without discussing public policy. *Damore v. Winnebago Park Ass'n*, 876 F.2d 572, 573–74 (7th Cir.1989); *State Farm Fire & Casualty Co. v. Pickard*, 849 F.2d 1220, 1222 (9th Cir.1988); *State Farm Fire & Casualty Co. v. Odom*, 799 F.2d 247, 249 (6th Cir.1986); *State Farm Fire & Casualty Co. v. Guccione*, 171 Ill.App.3d 404, 121 Ill.Dec. 537, 538–39, 525 N.E.2d 595, 596–97 (1988); *Patrons Mut. Ins. Co. Ass'n v. Harmon*, 240 Kan. 707, 732 P.2d 741, 746 (1987); *State Farm Fire & Casualty Co. v. McPhee*, 336 N.W.2d 258, 261 (Minn.1983); *Suba v. State Farm Fire & Casualty Co.*, 129 Misc.2d 839, 494 N.Y.S.2d 620, 622 (Sup.Ct.1985). Other cases similarly recognize the validity of the family exclusion in a homeowners policy and have rejected claims that such an exclusion is against public policy. *State Farm Fire & Casualty Co. v. Powers*, 163 Ariz. 213, 786 P.2d 1064, 1067 (App.1989); *State Farm Fire & Casualty Co. v. Lewis*, 191 Cal.App.3d 960, 236 Cal.Rptr. 807, 809–10 (1987); *State Farm Fire & Casualty Co. v. Alstadt*, 113 Cal.App.3d 33, 169 Cal.Rptr. 593, 596 (1980); *State Farm Fire & Casualty Co. v. Holeczy*, 152 Ill.App.3d 448, 105 Ill.Dec. 686, 689, 504 N.E.2d 971, 974 (1987); *American Family Mut. Ins. Co. v. Ryan*, 330 N.W.2d 113, 115–16 (Minn.1983); *Minnesota Mut. Fire & Casualty Ins. Co. v. Manderfeld*, 482 N.W.2d 521, 525–26 (Minn.App.1992); *Sciaudone v. Steuk*, 128 N.H. 261, 512 A.2d 1108, 1110 (1986); *Neil v. Allstate Ins. Co.*, 379 Pa.Super. 299, 549 A.2d 1304, 1308 (1988); *Shannon v. Shannon*, 150 Wis.2d 434, 442 N.W.2d 25, 35 (1989).

We have stated that the term "public policy" is not susceptible of an exact definition, but "a court ought not enforce a contract which tends to be injurious to the public or contrary to the public good." *Walker v. American Family Mut. Ins. Co.*, 340 N.W.2d 599, 601 (Iowa 1983). Further, we have observed that when a court determines whether a contract is contrary to the public good it must be cautious and act only in cases free from doubt. *Id.* We must harmonize public policy and the freedom of parties to contract. *Id.* In *Walker*, we reviewed our statutes and case law and rejected an attempt to nullify a clause in an automobile insurance policy excluding liability coverage for bodily injury to an "insured or any member of the family of the insured residing in the same household as the insured." While *Walker* involved the named insured, we believe the same policy arguments are applicable to a member of the household.

No statutes or court cases have been cited that require a private citizen to obtain homeowners insurance that provides coverage for negligently injuring family members. We disagree with the Blairs' contention that the lack of insurers willing to provide the type of coverage they seek in this case should cause us to act. We believe that this is a policy decision for the legislature, not the judiciary. Further, we believe that we should follow the lead of the jurisdictions that have rejected similar public policy claims.

■ II. *Equal protection.* The Blairs argue the family exclusion clause violates the right to equal protection guaranteed by the Iowa Constitution, article I, section 6, and the United States Constitution, amendment XIV, section 1. We disagree.

■ The protection of the fourteenth amendment can be invoked only if the state deprives any person or denies enforcement of a right guaranteed. *Rice v. Sioux City Memorial Park Cemetery, Inc.*, 349 U.S. 70, 72, 75 S.Ct. 614, 615, 99 L.Ed. 897, 900 (1955). The mere fact that a private entity is subject to state regulation, even if the regulation is extensive and detailed, as in the case of a public utility, does not cause it to become a state actor for the purpose of the due process clause of the fourteenth

amendment. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 358, 95 S.Ct. 449, 457, 42 L.Ed.2d 477, 488 (1974). Our inquiry must be whether there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as the action of the state. *Id.* The refusal of a private insurer to provide certain coverage in its policy does not violate federal constitutional · equal protection. *Powers*, 786 P.2d at 1067; *Radiological Soc'y of N.J. v. Sheeran*, 175 N.J.Super. 367, 418 A.2d 1300, 1309–10 (1980).

Article I, section 6, of the Iowa Constitution likewise speaks to the action of the general assembly rather than to a private contract. We hold that section 6 cannot be invoked because the writing of the insurance policy is not an action of the state.

III. *Disposition.* We find no public policy or constitutional infirmities in the homeowners policy in question. We affirm the judgment entered by the district court.

**AFFIRMED.**