**SHELTER GENERAL INSURANCE COMPANY, Appellee,**

v.

**Kara LINCOLN, Administrator of the Estate of Rona Lynn Muehlenthaler, Deceased; and Keith Muehlenthaler, Executor of the Estate of Morris Jacob Muehlenthaler, Deceased, Appellants.**

No. 97–1443.

Supreme Court of Iowa.

March 24, 1999.

Glenn L. Norris and George F. Davison, Jr., of Hawkins & Norris, Des Moines, for appellant Lincoln.

Kasey W. Kincaid of Faegre & Benson, Des Moines, for appellant Muehlenthaler.

Roy M. Irish of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, L.L.P., Des Moines, for appellee.

Considered by LARSON, P.J., and LAVORATO, SNELL, TERNUS, and CADY, JJ.

SNELL, Justice.

This is an appeal from a grant of summary judgment in a declaratory judgment action. The appellants ask us to overrule our prior decisions recognizing the validity of a family. member exclusion in an automobile liability insurance policy. We decline to do so and affirm the summary judgment order.

I. Background Facts and Proceedings

In September, 1995, Morris Muehlenthaler was driving his truck when it collided with a train. Both Morris and his wife, Rona, a passenger in the vehicle, were killed. Defendant Kara Lincoln was appointed as the administrator of Rona's estate, and defendant Keith Muehlenthaler is the executor of Morris's estate.

At the time of the accident, the plaintiff, Shelter General Insurance Company, provid-

ed insurance to the Muehlenthalers under three motor vehicle liability insurance policies and a personal umbrella liability policy. The motor vehicle liability policies provided bodily injury coverage up to $250,000 per person and $500,000 per occurrence. The policies also provided uninsured motorist coverage up to $100,000 per person and $300,000 per occurrence. The personal umbrella liability policy included a coverage limit of $2,000,000 for each occurrence.

Each of the policies contained language excluding liability coverage for "[b]odily injury to the insured or any member of the family of the insured residing in the same household as the insured." With one exception, Shelter denied coverage for the Muehlenthalers' claims arising from the collision. Shelter conceded Rona's estate was entitled to the $100,000 policy limit for uninsured benefits under the policy covering the truck.

The defendants objected to Shelter's decision to deny coverage beyond the $100,000 in uninsured benefits. Shelter filed a petition for declaratory judgment. The defendants challenged the family member exclusion claiming it had no factual basis, was an unconstitutional restriction on the parties' freedom to contract, violated public policy regarding contractual freedom, and interfered with public policy supporting the family.

Shelter filed a motion for summary judgment. The defendants presented evidence indicating that most companies providing automobile liability insurance in Iowa included the family member exclusion and did not give insurance consumers the option of removing the exclusion. There was evidence a few companies with a limited market share in Iowa did provide liability coverage without the exclusion.

The district court granted Shelter's motion. Relying on our decisions in *Walker v. American Family Mutual Insurance Co.*, 340 N.W.2d 599 (Iowa 1983), and *Rodman v. State Farm Mutual Automobile Insurance Co.*, 208 N.W.2d 903 (Iowa 1973), it upheld the family exclusion provision. The court declared there was no coverage for the accident other than the $100,000 policy limit for uninsured benefits under the policy for Morris's truck.

## II. Scope of Review

Where the facts are not in dispute, our review in a declaratory judgment action is to determine whether the district court correctly determined the legal consequences arising from the terms of the insurance policy. *See Principal Cas. Ins. Co. v. Blair*, 500 N.W.2d 67, 68 (Iowa 1993). To the extent constitutional issues are implicated, we consider the totality of the circumstances under a de novo review standard. *Lumbermens Mut. Cas. Co. v. Department of Revenue & Fin.*, 564 N.W.2d 431, 434 (Iowa 1997).

## III. Validity of Family Member Exclusion—Prior Case law

We first recognized the validity of a family member exclusion in an automobile insurance liability policy in 1973. *See Rodman*, 208 N.W.2d at 909. In *Rodman*, we declined to extend the principle of reasonable expectations to cases in which an ordinary lay person would not misunderstand the extent of his coverage from a reading of the policy unless there were other circumstances attributable to the insurer which would cause such expectations. *Id.* at 908.

The issue was raised again in 1983 when it was argued the family member exclusion violated Iowa public policy. *Walker*, 340 N.W.2d at 600–01. In *Walker* we rejected the claim that chapter 321A (Motor Vehicle Financial Responsibility) evidenced a broad public policy to protect persons injured in motor vehicle accidents from financially irresponsible motorists. *Id.* at 601. We also rejected the argument that our recent decisions abrogating interspousal and parental immunity and finding the guest statute unconstitutional marked a general judicial pronouncement that courts should protect individuals and the public from the financial burdens imposed by automobile accidents. *See id.* at 602.

In *Walker* we also rejected the invitation to follow the lead of other states which had invalidated family member exclusions. *Id.* We distinguished those cases because they arose in states which had mandatory automobile insurance laws. *Id.* We also distinguished cases arising in states in which there was a judicially recognized public policy of

assuring protection to the innocent victims of automobile accidents and no insurance policy without the clause was available. *Id.* at 602–03.

In 1993, we addressed the issue of whether a family member exclusion in a homeowners liability policy was invalid. *Principal Cas. Ins. Co.,* 500 N.W.2d at 68–69. We held neither public policy nor the constitutional guarantee of equal protection invalidated the family exclusion. *Id.* at 69–70.

In 1998 we cited with approval two of our prior decisions upholding a family member exclusion. *See United Fire & Cas. Co. v. Victoria,* 576 N.W.2d 118, 121 (Iowa 1998) (citing *Walker* and *Principal Cas. Ins. Co.).* We reaffirmed this position most recently in *Krause v. Krause,* 589 N.W.2d 721, 724 (Iowa 1999), where we noted the futility of challenging a family exclusion clause.

> We point out that [the appellee] does not challenge the validity of the family member exclusion in the policy. Indeed, such a challenge would fail because we have upheld the validity of family member exclusions in the past.

*Krause,* 589 N.W.2d at 724 (citing *Victoria, Principal Cas. Ins. Co.,* and *Walker).*

In asking us to reverse this long line of prior decisions, the defendants argue the reasonable expectations of insurance consumers are frustrated by the family member exclusion. They contend the family member exclusion has no basis in fact (actuarially or otherwise), is an unconstitutional restriction on the ability of parties to freely contract, violates the public policy of Iowa, and is contrary to the public policy of encouraging family units.

## IV. Reasonable Expectations

■ We have previously rejected the application of the principle of reasonable expectations to invalidate a family member exclusion in an automobile liability policy. *Rodman,* 208 N.W.2d at 908. The policies in this case clearly excluded coverage for bodily injury to the insured or any member of the insured's family who resided in the same household. An ordinary lay person

would not misunderstand the scope of the coverage. The defendants have not made any claim of circumstances attributable to Shelter which would have fostered different coverage expectations. The defendants' claim that the insureds' reasonable expectations were frustrated is without any support in the record and was properly subject to summary judgment.

## V. Basis in Fact

■ The defendants claim our decisions in *Rodman* and *Walker* were based on the erroneous assumption that consumers had the freedom to negotiate the terms and conditions of their liability insurance policies. They contend the vast majority of automobile policies sold in Iowa contain family member exclusions and the insurers will not provide policies without them.[1] The defendants argue we should invalidate the exclusions because of the insurer's unwillingness to provide coverage without them.

We were confronted with a similar argument in *Principal Casualty Insurance Co.* which involved a family member exclusion in a homeowners policy. We rejected the argument, noting:

> No statutes or court cases have been cited that require a private citizen to obtain homeowners insurance that provides coverage for negligently injuring family members. We disagree with the [appellants'] contention that the lack of insurers willing to provide the type of coverage they seek in this case should cause us to act. We believe that this is a policy decision for the legislature, not the judiciary.

*Principal Cas. Ins. Co.,* 500 N.W.2d at 69.

Our reasoning in *Principal Casualty Insurance Co.* is equally applicable in the context of family member exclusions in automobile liability policies. Any policy decisions mandating the availability of such coverage should come from the legislature.

## VI. Restriction on Ability to Contract

■ The appellants claim the district court erred when it refused to find the family

---

**1.** In fact, the record reveals a few auto insurers do provide coverage without the family exclusion.

member exclusion was an impermissible and unconstitutional restriction on the ability of the parties to freely contract. They argue this court's willingness to allow tort claims between family members was premised on the assumption that insurance would be available to cover such risks but family member exclusions prevent insurance consumers from obtaining such coverage.

Our decision to abrogate interspousal immunity was not based on any presumption that insurance coverage would be available. In fact, we expressly stated that the absence of insurance would not detract from the arguments favoring the recognition of interspousal claims. *See Shook v. Crabb,* 281 N.W.2d 616, 619–20 (Iowa 1979). Furthermore, we specifically noted that to the extent insurers feared such claims might lead to fraud or collusive actions, they could limit the scope of the coverage they provided. *Id.* at 620.

Similar to our decision in *Principal Casualty Insurance Co.,* we note this is not a case in which there is an obligation for a consumer to obtain automobile liability insurance which would cover interfamily tort claims. To the extent a party wants to obtain such coverage, Shelter correctly points out that it is available through the acquisition of uninsured motorist coverage. *See Rodman,* 208 N.W.2d at 910 (family member exclusion not applicable to uninsured motorist coverage). The defendants' claim of an unconstitutional restriction on their right to contract is without merit, and summary judgment was appropriate.

## VII. Public Policy

■ The defendants argue the family member exclusion violates the public policy of the State of Iowa. To some extent, their public policy arguments rely on their constitutional, freedom-to-contract claim which we have already rejected. They also make public policy claims based on our abrogation of interspousal immunity. We have previously rejected those arguments in *Walker,* 340 N.W.2d at 600, and the defendants provide no persuasive reasons for us to revisit those claims.

Finally, the defendants contend the family member exclusion discourages and interferes with family units because the availability of coverage depends upon where persons reside. They argue the exclusion encourages spouses to live apart and to engage in fictions in an attempt to obtain financial relief for injuries caused by a family member.

■ Whenever a court considers invalidating a contract on public policy grounds it must also weigh in the balance the parties' freedom to contract. *Id.* at 601. We will not eviscerate a contractual provision unless the preservation of the general public welfare imperatively demands it. *See id.* Therefore, the power to invalidate a contract on public policy grounds must be used cautiously and exercised only in cases free from doubt. *Id.*

The extent of insurance coverage is often conditioned on one's residence or familial status. We are not convinced the existence of a family member exclusion in automobile liability policies will result in the family discord and collusion predicted by the defendants. This is not a case in which it is imperative that a contractual provision be eviscerated in order to further a public policy. We affirm the district court's grant of summary judgment.

**AFFIRMED.**