**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>KFX MEDICAL CORPORATION, a California corporation,<br><br>Defendant - Appellant. | No. 13-17301<br><br>D.C. No. 3:13-cv-00710-JSW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted December 7, 2015
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and BEA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendant-Appellant KFx Medical Corporation ("KFx") appeals the district court's grant of partial summary judgment to Plaintiff-Appellee Travelers Property Casualty Company of America ("Travelers") on Travelers' claims for declaratory relief. The district court held Travelers had no duty to defend or indemnify KFx in a patent dispute between KFx and Arthrex Incorporated ("Arthrex") (the "*KFx v. Arthrex* Litigation") under an insurance policy that Travelers had issued to KFx (the "Policy").

We review these findings *de novo*. *State Farm Fire & Cas. Co. v. Pickard*, 849 F.2d 1220, 1221 (9th Cir. 1988).[1] Because we agree that "there is no genuine issue as to any material fact and [Travelers] is entitled to judgment as a matter of law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (quoting Fed. R. Civ. P. 56), we affirm. It is undisputed that Arthrex's answer and counterclaims (the "Arthrex Counterclaims") did not allege any covered claim against KFx.[2] Thus, the primary issue here is whether "the facts alleged, reasonably inferable, or otherwise known" at the time of KFx's tender of defense and indemnity to

---

[1] In so doing, we apply California substantive law of contract interpretation. *See Stanford Ranch, Inc. v. Maryland Cas. Co.*, 89 F.3d 618, 624 (9th Cir. 1996).

[2] It is undisputed that Arthrex's Answer to KFx's Complaint in the underlying *KFx v. Arthrex* Litigation alleges only patent-related counterclaims for non-infringement, invalidity, and unenforceability, and that such claims are not covered under the Policy.

-2-

Travelers reasonably suggest that the Arthrex Counterclaims might "fairly be amended" to state a covered claim, thus giving rise to potential liability under the Policy and a corresponding duty to defend. *See Scottsdale Ins. Co. v. MV Transp.*, 115 P.3d 460, 466 (Cal. 2005).

1.     We find the possibility that the Arthrex Counterclaims might be amended to state claims for abuse of process or product disparagement (thus giving rise to potential liability) too speculative to trigger a duty to defend or to indemnify. *See Gunderson v. Fire Ins. Exch.*, 44 Cal. Rptr. 2d 272, 277 (Cal. Ct. App. 1995) (Mere "speculat[ion] . . . about extraneous 'facts' regarding potential liability or ways in which the third party claimant might amend its complaint at some future date" does not create a duty to defend.). Neither finds any factual basis in the Arthrex Counterclaims. *See Microtec Research, Inc. v. Nationwide Mut. Ins. Co.*, 40 F.3d 968, 971 (9th Cir. 1994). Arthrex's boilerplate request for injunctive relief against interference with its business relationship is not reasonably read as accusing KFx of making improper extrajudicial threats where there is no factual support for such an inference. Nor has KFx identified any court *process* that Arthrex is supposedly accusing it of abusing—as would be required to support a prima facie abuse of process claim. *See Rusheen v. Cohen*, 128 P.3d 713, 718

3

(Cal. 2006).[3]  KFx's product disparagement theory fails because KFx has offered no evidence that Arthrex "distinctly aver[red] a disparaging publication . . . ." *Nichols v. Great Am. Ins. Cos.*, 215 Cal. Rptr. 416, 420–21 (Cal. Ct. App. 1985). KFx's citation to a press release that *pre-dates* the Arthrex Counterclaims by several months (thus giving Arthrex ample opportunity to include a claim thereon in its Counterclaims) does not create a potential for liability where Arthrex did not reference that press release in the *KFx v. Arthrex* Litigation.  *See Microtec*, 40 F.3d at 971.

2.  Second, there is no potential for coverage as a matter of law because Arthrex sought only injunctive and declaratory relief, whereas the Policy covers only claims for "damages."  Attorneys' fees are not "damages" under California law.  *See Cutler-Orosi Unified Sch. Dist. v. Tulare Cnty. Sch. Dist. Liab./Prop. Self-Ins. Auth.*, 37 Cal. Rptr. 2d 106, 114–15 (Cal. Ct. App. 1994).  Moreover, Arthrex's boilerplate request for "other and further relief, at law or in equity" does not create a potential for damage liability where none of Arthrex's enumerated

[3] We note that the Policy purports to cover only "malicious prosecution" claims—not claims for abuse of process.  Nevertheless, we have previously held that, as a matter of California law, the use of either term in an insurance policy should be construed as incorporating the other.  *See Lunsford v. Am. Guar. & Liab. Ins. Co.*, 18 F.3d 653, 655–56 (9th Cir. 1994).  Thus, for purposes of this disposition we assume coverage extended to claims of abuse of process, had they been made.

-4-

claims provide a basis for a damage recovery. *See Atl. Mut. Ins. Co. v. J. Lamb, Inc.*, 123 Cal. Rptr. 2d 256, 267 (Cal. Ct. App. 2002) (instructing courts to look to the "nature of the claims made," not to the relief requested (emphasis omitted)).

**3.**  Third, even if—contrary to what we have held above—the Arthrex's counterclaims might be amended to state a covered claim, Travelers would still have no duty to defend or indemnify because the Travelers Policy excludes from coverage any claim "arising out of any actual or alleged infringement or violation of . . . intellectual property rights or laws" (the "IP Exclusion").  KFx is arguing that it disparaged Arthrex *by wrongfully accusing it of patent infringement*.  KFx is similarly arguing that Arthrex has accused it of abusing court processes by filing a frivolous *patent* suit against Arthrex.  Thus, both of these claims would "arise out of" the underlying patent litigation, and would therefore fall squarely within the IP Exclusion.  *Cf. e.g.*, *Southgate Recreation & Park Dist. v. Cal. Ass'n for Park & Rec. Ins.*, 130 Cal. Rptr. 2d 728, 733 (Cal. Ct. App. 2003).

For all the reasons set forth above, we find as a matter of law that Travelers had no duty to defend or indemnify KFx in the *KFx v. Arthrex* Litigation.  The district court's grant of partial summary judgment to Travelers is AFFIRMED.  We also GRANT Plaintiff-Appellee Travelers' Motion for Judicial Notice dated April

5

18, 2014, pursuant to Federal Rule of Evidence 201(b)(2). *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that federal court documents are judicially noticeable).