# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1702
_____

Menard, Inc.

*Plaintiff - Appellee*

v.

Farm Bureau Property & Casualty Insurance Company

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: October 26, 2023
Filed: February 7, 2024

_____

Before LOKEN, MELLOY, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Cynthia Bowen purchased a "Member's Choice" insurance policy from Farm Bureau Property & Casualty Insurance Company ("Farm Bureau") that provided motor vehicle liability coverage for Bowen's pick-up truck. During the policy period, Bowen drove the truck to a home improvement store operated by Menard, Inc. ("Menards") in West Burlington, Iowa, and purchased two ten-foot pieces of treated lumber. Bowen left the store, drove around to its drive-in lumberyard, and requested

help in loading the lumber on her truck. Menards employee David Beeler went to the loft where lumber was stored to retrieve Bowen's purchase and help load it on her truck. As Beeler lowered a large board down from the loft, it fell out of his grasp and injured Bowen, who was standing by her truck reaching for the board. Bowen sued Menards to recover damages for the injuries she sustained, alleging negligence by Menards and its employee.

Menards filed this diversity action against Farm Bureau in federal court seeking a declaratory judgment that it "is entitled [to] a defense and indemnification in connection with the Underlying [Bowen] Litigation." The Amended Complaint for Declaratory Judgment alleged that Menards and its employee Beeler are additional unnamed insureds under the Farm Bureau policy, and their liability for this occurrence is covered because Beeler in helping to load the insured vehicle was using the vehicle with Bowen's permission. Reviewing cross motions for summary judgment, the district court concluded that Menards and its employee were covered insureds and no policy exclusion applies to deny coverage. The court granted summary judgment to Menards on its declaratory judgment claims. Farm Bureau appeals, arguing the policy's "Intrafamily Immunity" exclusion unambiguously applies and precludes coverage for bodily injury suffered by named insured Bowen. Reviewing interpretation of the relevant insurance policy provisions *de novo*, we agree and therefore reverse. See DeWall v. Med. Protective Co., 59 F.4th 364, 366-67 (8th Cir. 2023) (standard of review).

Farm Bureau's Member's Choice policy "is organized into sections for each type of insurance you chose, and each section is divided into coverage modules." Who is an insured "is defined separately in each section of the policy." At issue in this case is the "Vehicle Liability Module," which provides "Bodily Injury Liability and Property Damage Liability Coverages . . . for 'personal vehicles.'" The following provisions in Bowen's policy are relevant to the issues on appeal:

-2-

**Bodily Injury Liability Coverage** . . .
We cover "damages" that result from "bodily injury" . . . *"caused by" an "occurrence"* to which these coverages apply *involving the* ownership, operation, maintenance, *use, loading,* unloading or negligent entrustment *of "your personal vehicle."*

(Emphasis added)

**Who Is An Insured**
Within this module when we refer to "your personal vehicle," a "newly owned vehicle" or a "temporary substitute vehicle," "insured" is defined as:

1.    *You*;
2.    Any "household member";
3.    *Any other "person" while using "your personal vehicle,"* a "newly owned vehicle" or a "temporary substitute vehicle" if its use is *within the scope of your consent;* or
4.    *Any other "person" or organization liable for the use of such a vehicle by one of the above "insureds."*

(Emphasis added)

**Intrafamily Immunity**
There is no coverage for any "bodily injury" to any "insured" or any member of an "insured's" family residing in the "insured's" household.

In the district court, Farm Bureau argued that Beeler and Menards are not insureds under the Vehicle Liability Module and also that another exclusion entitled Handling of Property applied to bar Menards coverage claims. Farm Bureau does not appeal the district court's adverse resolution of these issues. The sole issue on appeal is whether the district court erred in holding that the policy's Intrafamily Immunity exclusion does not apply. The parties agree Iowa law controls this issue. See Liberty Mut. Ins. Co. v. Pella Corp., 650 F.3d 1161, 1169 (8th Cir. 2011) ("State law governs the interpretation of insurance policies.").

Under Iowa law, "the intent of the parties at the time the policy was sold" controls, and the intent of the parties is determined "by looking at what the policy itself says" when there is no ambiguity. Amish Connection, Inc. v. State Farm Fire & Cas. Co., 861 N.W.2d 230, 236 (Iowa 2015) (quotations omitted). "The plain meaning of the insurance contract generally prevails." Boelman v. Grinnell Mut. Reinsurance Co., 826 N.W.2d 494, 501 (Iowa 2013).

Policy exclusions similar to the Intrafamily Immunity exclusion in Bowen's policy are not strangers to the Supreme Court of Iowa and other courts around the country. In Rodman v. State Farm Mut. Auto. Ins. Co., James Rodman was injured riding as a passenger in his own auto being driven by another person with Rodman's consent. 208 N.W.2d 903, 904 (Iowa 1973). Rodman sued the driver to recover for his injuries and sued State Farm alleging its policy covered the driver's liability because, like Beeler in this case, the driver was within the policy's definition of "insured" as a permissive user. Id. The policy expressly excluded coverage of "bodily injury to the insured or any member of the family of the insured residing in the same household of the insured." Id. at 905. Rodman conceded "the exclusion unambiguously deprives plaintiff of coverage for his own bodily injury" but argued that he was covered by reason of the Iowa doctrine of "reasonable expectations." Id. The Supreme Court of Iowa rejected this contention and upheld the trial court's decision applying the exclusion to bar Rodman's coverage claim:

> [W]e do not believe an ordinary insured would reasonably believe the policy's bodily injury liability coverage applied to him after reading the exclusion of liability coverage for "bodily injury to the insured . . . ." Policies containing this exclusion have uniformly been enforced in accordance with their terms.

Id. at 907. In subsequent cases, the Court has repeatedly reaffirmed the validity of "family member exclusions" and rejected contentions that they violate public policy or constitutional restrictions. See Shelter Gen. Ins. Co. v. Lincoln, 590 N.W.2d 726,

728-29 (Iowa 1999), and cases cited; Walker v. Am. Fam. Mut. Ins. Co., 340 N.W.2d 599, 600-03 (Iowa 1983).[1]

A family member exclusion such as the one at issue provides that "a named insured [here, Menards] would have no liability coverage for [its] actions which cause injuries to another named insured [here, Bowen] or family member." Krause v. Krause, 589 N.W.2d 721, 723 (Iowa 1999). We conclude that Farm Bureau's Intrafamily Immunity provision is clear and unambiguous. The alleged tortfeasor, Menards through the actions of its employee Beeler, was an insured under the policy's "Who Is An Insured" provision because Beeler in helping load lumber into Bowen's vehicle was using the vehicle with her consent. Bowen, the injured party, was also obviously an insured; she is the "you" referenced in that provision. The Intrafamily Immunity exclusion provides there is no coverage for "any bodily injury to *any* insured." The Supreme Court of Iowa interprets the word "any" in an insurance policy exclusion to mean "all or every," "unless other provisions in the policy give rise to an ambiguity." Thomas v. Progressive Cas. Ins. Co., 749 N.W.2d 678, 683-84 (Iowa 2008) (construing a provision excluding "any claim"). Therefore, the policy provides no liability coverage for the claim of one insured, Bowen, against another insured, Menards.

---

[1]Menards argues that the decision in Walker was legislatively overruled by 1997 amendments to Iowa's vehicle insurance scheme codified in Iowa Code §§ 321.1(24B)(a) and 321.20B(1)(a). But these provisions say nothing about coverage exclusions, and the Supreme Court of Iowa has noted that they obligate a motor vehicle owner to provide "coverage to those persons included as insureds under the liability coverage, *absent a valid exclusion*." Lee v. Grinnell Mut. Reinsurance Co., 646 N.W.2d 403, 405 (Iowa 2002) (emphasis added). The Court has addressed family member exclusions without any hint that they violate Iowa statutory law or public policy. See, e.g., In re Estate of Boyd, 634 N.W.2d 630, 632-33, 641 (Iowa 2001); Shelter, 590 N.W.2d at 727-28.

At the end of its lengthy opinion, the district court summarily rejected Farm Bureau's reliance on the Intrafamily Immunity exclusion:

> The plain meaning of "intrafamily" is inside of the family. Beeler is not related to Ms. Bowen and is therefore outside of the family. The exclusion does not apply.

We do not agree with this reasoning. First, it relies on the "plain meaning" of a word in the exclusion's heading, "Intrafamily," to limit the plain meaning of the operative policy provision -- "There is no coverage for any 'bodily injury' to any 'insured.'" Under Iowa law, "[c]ases interpreting language in statutes are persuasive authority in interpreting contractual language." Thomas, 749 N.W.2d at 683 n.5. In interpreting statutes, the Supreme Court of Iowa applies what is known as the title-and-headings canon of construction: "A statute's title may be used only to resolve existing doubts or ambiguities . . . and not to create ambiguity where none existed." Des Moines Flying Serv., Inc. v. Aerial Servs. Inc., 880 N.W.2d 212, 221 (Iowa 2016) (quotation omitted). Applying the canon in this case, as we believe the Supreme Court of Iowa would, based on the above-cited cases, the heading "Intrafamily Immunity" has relevance, but it cannot alter or limit the unambiguous operative term of the exclusion -- there is "no coverage" for a claim of bodily injury to "any insured."

Second, we do not agree that the word "intrafamily" has the plain meaning the district court attributed to it *in this context*. "The word 'family' is a very flexible term" in considering this type of insurance policy exclusion. Johnson v. State Farm Mut. Auto. Ins. Co., 252 F.2d 158, 161 (8th Cir. 1958); see Family, Black's Law Dictionary (9th ed. 2009), defining "family" as "1. A group of persons connected by blood, *by affinity, or by law . . . .*" (emphasis added). In Johnson, applying Missouri law, we agreed that the fact that the policy defined the word "insured . . . to include persons driving with the named insured's consent cannot be said to wipe out the

exemptions expressly incorporated into the policy to prevent . . . the named insured and his family from recovering for their own injuries." 252 F.2d at 163-64 (quotation omitted). Similarly, the Supreme Court of Iowa has applied family member exclusions to deny coverage for a named insured's bodily injuries suffered by the negligence of an unrelated person driving an insured vehicle with the insured's permission. See Rodman, 208 N.W.2d at 905 (the named insured did not deny the exclusion unambiguously applied); Walker, 340 N.W.2d at 600. We conclude the Supreme Court of Iowa would not adopt the district court's interpretation of "intrafamily." Farm Bureau's unambiguous exclusion applies to the "family" of insureds as defined in the "Who Is an Insured" section of Bowen's vehicle coverage provisions.

Neither the district court nor Menards on appeal cite a single family member exclusion case from anywhere in the country adopting the district court's reasoning, or otherwise refusing to apply an exclusion that unambiguously denied coverage to a party seeking defense and indemnification for bodily injuries to a named insured.[2] We conclude the district court erred in refusing to apply Farm Bureau's exclusion.

Alternatively, Menards argues that, even if the Intrafamily Immunity exclusion applies, Farm Bureau is estopped to assert this defense to coverage under the doctrines of estoppel by acquiescence or equitable estoppel. We disagree. Under Iowa law, in insurance cases, "the doctrine of waiver or estoppel cannot be successfully invoked to create a liability for benefits not contracted for at all." Westfield Ins. Cos. v. Econ. Fire & Cas. Co., 623 N.W.2d 871, 879 (Iowa 2001) (quotation omitted). Here, this rule applies because the Intrafamily Immunity exclusion denies Menards coverage for Bowen's bodily injury claim. There is an

---

[2]The highest courts in a few States have simply invalidated family member exclusions, but the Supreme Court of Iowa declined to follow those decisions in Rodman, 208 N.W.2d at 907-08, and in Walker, 340 N.W.2d at 602-03.

exception to this equitable estoppel rule "[w]hen an insurance company assumes the defense of an action, with knowledge actual or presumed, of facts which would have permitted it to deny coverage." Id., quoting City of Carter Lake v. Aetna Cas. & Sur. Co., 604 F.2d 1052, 1059 (8th Cir. 1979). But this exception does not apply because Farm Bureau never assumed the defense of Menards in Bowen's state court action. Rather, Farm Bureau promptly rejected Menards tender of defense, prompting Menards to file this declaratory judgment action.

The judgment of the district court is reversed.

_____