NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZOX LLC, a California Limited Liability Company, | No. 23-55125 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-02867-JFW-MRW |
| v. | |
| WEST AMERICAN INSURANCE COMPANY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted February 6, 2024**
Pasadena, California

Before: OWENS, BUMATAY, and MENDOZA, Circuit Judges.

Plaintiff-Appellant Zox LLC ("Zox") appeals the district court's grant of

summary judgment in favor of Defendants-Appellees West American Insurance

Company, Ohio Security Insurance Company, and Ohio Casualty Insurance

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Company (collectively, "West American").  The district court held that West American had no duty to defend or indemnify Zox in an underlying trademark dispute between Zox and a group of entrepreneurs known as the "Zox Brothers" ("the Zox Litigation").  Zox contends the district court erred because the Zox Brothers sought damages for three potentially covered claims: (1) malicious prosecution; (2) disparagement; and (3) use of an "advertising idea."  We review the district court's construction of an insurance policy de novo.  *State Farm Fire & Cas. Co. v. Pickard*, 849 F.2d 1220, 1221 (9th Cir. 1988).  Because we agree that "there is no genuine issue as to any material fact and [West American] is entitled to a judgment as a matter of law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), we affirm.

Under California law, "a liability insurer owes a broad duty to defend its insured against claims that . . . *potentially* seek[] damages within the coverage of the policy."  *Upper Deck Co., LLC v. Fed. Ins. Co.*, 358 F.3d 608, 612 (9th Cir. 2004) (quoting *Horace Mann Ins. Co. v. Barbara B.*, 846 P.2d 792, 795 (Cal. 1993)).  Coverage "turns not on 'the technical legal cause of action pleaded by the third party' but on the '*facts* alleged.'"  *Swain v. Cal. Cas. Ins. Co.*, 120 Cal. Rptr. 2d 808, 812 (Ct. App. 2002) (quoting *Barnett v. Fireman's Fund Ins. Co.*, 108 Cal. Rptr. 2d 657, 663–64 (Ct. App. 2001)).  While the duty to defend is broad, "[a]n insurer will not be compelled to defend its insured when the potential for liability

2

is so tenuous and farfetched." *Montrose Chem. Corp. v. Superior Ct.*, 861 P.2d 1153, 1162 (Cal. 1993) (cleaned up and internal quotations omitted). Here, to determine whether the duty to defend was triggered, we must compare the allegations in the Zox Brothers' pleadings ("the Pleadings") with the terms of West American's Insurance Policy ("the Policy"). We consider each claim in turn.

1.     To plead a malicious prosecution claim, the Zox Brothers must plead facts to prove that an underlying action was initiated or maintained (i) "by, or at the direction of, [Zox] and pursued to a legal termination in favor of" the Zox Brothers; (ii) "without probable cause;" and (iii) "with malice." *Parrish v. Latham & Watkins*, 400 P.3d 1, 7 (Cal. 2017). The Zox Brothers did not plead facts, nor provide extrinsic evidence, to satisfy any of the requisite elements of a malicious prosecution claim: they did not demonstrate that Zox initiated or maintained an action without probable cause, with malice, or that a legal proceeding terminated favorably for the Zox Brothers. *Cf. CNA Cas. of Cal. v. Seaboard Sur. Co.*, 222 Cal. Rptr. 276, 281 (Ct. App. 1986) (finding that an allegation of "false, frivolous and sham counterclaims" raised "at least the possibility of liability under the malicious prosecution coverage" contained in the insurance policy at issue). Therefore, the district court did not err in finding that the Pleadings did not trigger coverage for malicious prosecution.

3

2.      To plead a disparagement claim, the Zox Brothers must plead facts "to show a false or misleading statement that (1) specifically refers to the [Zox Brothers'] product or business and (2) clearly derogates that product or business." *Hartford Cas. Ins. Co. v. Swift Distrib., Inc.*, 326 P.3d 253, 256 (Cal. 2014).  Zox cites eleven different paragraphs in the Pleadings as "facts" that allegedly "satisfy all the elements for a claim of disparagement."  One of these paragraphs explicitly states that Zox "disparaged the goods, services, or business of another by false or misleading representations of fact."  Though crediting factual assertions made in the pleadings, we are "not required to credit legal conclusions." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  We must look past labels and at the facts alleged. *See Swain,* 120 Cal. Rptr. 2d at 811–12.  Here, Zox is unable to cite a single factual pleading in support of a disparagement claim.  The quoted paragraph is merely a conclusory allegation that neither describes whose goods, services, or business were disparaged, nor does it describe what Zox said that was allegedly false or misleading.  None of the remaining sections cited by Zox contain facts that would raise the potential for liability under a disparagement theory.  The Zox Brothers never alleged that Zox had called their products inferior or defective.  To the contrary, the Pleadings only offer descriptions of Zox allegedly imitating and profiting from the Zox Brothers' brand.  This Court has long held that imitating a product or service mark does not trigger coverage for a disparagement

4

offense. "In point of fact, it's quite the opposite—as has been oft said: imitation is the highest form of flattery." *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1142 (9th Cir. 2003). Therefore, the district court did not err in finding that the Pleadings did not trigger coverage for a disparagement claim.

3. Lastly, Zox contends that the Zox Brothers triggered coverage by claiming that Zox appropriated their "advertising ideas" by using the "Zox" name and "passing off" their products as Zox Brothers' goods. The Policy does not define advertisement. But we have previously explained that simply copying a trademark, or using another party's name, does not constitute "an advertising idea." In *Hyundai Motor America v. National Union Fire Insurance Company of Pittsburgh*, we defined an "advertising idea" as a "process or invention" used to market one's goods. 600 F.3d 1092, 1100 (9th Cir. 2010). Similarly, California courts have recognized that an "advertising idea" includes an advertising plan, and the "*manner or means* by which another advertises its goods or services." *Lebas Fashion Imps. of USA, Inc. v. ITT Hartford Ins. Grp.*, 59 Cal. Rptr. 2d 36, 44 (Ct. App. 1996). The Pleadings do not contain facts to support either of these definitions. Therefore, the district court did not err in finding that the Pleadings did not trigger coverage for a "use of another's advertisement" claim.

For these reasons, the Court finds that West American did not have a duty to defend or indemnify Zox in the Zox Litigation.[1] *See Certain Underwriters at Lloyd's of London v. Superior Ct.*, 16 P.3d 94, 102 (Cal. 2001) ("Where there is a duty to defend, there *may be* a duty to indemnify; but where there is no duty to defend, there *cannot be* a duty to indemnify.").

**AFFIRMED**.

---

[1] Because the Court finds that there is no potential for coverage sufficient to trigger a duty to defend, the Court does not reach the policy exclusion arguments raised by West American.